David LIVINGSTON

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare.

Civ. A. No. 80–1841.

United States District Court,
E. D. Pennsylvania.

Feb. 17, 1981.

Patricia L. Smith, Community Legal Services, Philadelphia, Pa., for plaintiff.

Joan Garner, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Now before the Court are cross-motions for summary judgment in this case, an appeal from a final decision of the Secretary of Health and Human Services (the "Secretary") denying plaintiff's claim for supplemental security income benefits (SSI benefits). For the reasons discussed below, I will grant the motion of the plaintiff and deny the motion of the Secretary.

The plaintiff, David Livingston, seeks SSI benefits on the basis that he is disabled as he suffers from a nervous condition. Mr. Livingston filed an application for benefits with the Social Security Administration on November 28, 1978, which was denied initially and on reconsideration. An Administrative Law Judge (ALJ) considered the case *de novo*, and after a hearing, found the plaintiff was not disabled. The ALJ's decision became the final decision of the Secretary after the Appeals Council upheld it.

Establishing a disability which entitles a claimant to receive benefits under the SSI program is a two step process. First, the claimant must have a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted, or can be expect-

ed to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be so severe that it prevents him from doing his previous work as well as any kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). A claimant meets his initial burden of proof if he shows that he is not able to return to his previous occupation. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). Once the claimant has made such a showing, the burden of proof then shifts to the Secretary, who must demonstrate that the claimant has the capacity to do specific jobs existing in the economy. *Id.*

◼ The issue now before me is whether the final decision of the Secretary, that is the findings and conclusions of the ALJ, are supported by substantial evidence. Substantial evidence has been defined as "more than a mere scintilla" and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Having examined the administrative record and the opinion filed by the ALJ in this case, I hold that the findings of the ALJ, denying plaintiff SSI benefits, are not supported by substantial evidence.

The record in this case includes the testimony of plaintiff and a vocational expert before the ALJ, the evaluations of plaintiff's condition by three doctors and miscellaneous hospital records concerning plaintiff. Mr. Livingston testified that he was born on May 14, 1951 in North Carolina, where he lived until moving to Philadelphia when he was eighteen. (Tr. 42–43) Plaintiff further stated that his formal education ended when he quit school in the eleventh grade. (Tr. 44) He has worked as a drummer in a band, as a truck driver and most recently as a security guard. (Tr. 44–46) It is plaintiff's testimony that he left his last job as a security guard in November of

1978 because he was sick. (Tr. 48) He described his illness as bad nerves and asthma, which causes him to shake all the time and to be short of breath. (Tr. 50) Plaintiff also complained that his appetite is poor, that he does not sleep well, and that he has pain in his chest, his legs and in his eyes (he lost his left eye in an accident when he was six years old). (Tr. 57–58). During his testimony, plaintiff stated repeatedly that he is very nervous and depressed and that these conditions greatly restrict his daily activities. Plaintiff also testified that he regularly takes a "nerve pill" (Tranxene), an "asthma pill" (Marax) and a "fluid pill" (Lasix). (Tr. 59–61) Under questioning by his attorney, Mr. Livingston disclosed that he takes from 6 to 8 Tranxene pills every day. (Tr. 61)

The vocational expert testified that if one credited the plaintiff's testimony, the plaintiff is "unemployable simply because he cannot sustain activity." (Tr. 79) Although their reports describe plaintiff's condition in different terms, the doctors agree that Mr. Livingston has an anxiety neurosis which requires treatment. Dr. Adom, the psychiatrist hired by the Social Security Administration to evaluate Mr. Livingston, characterized the plaintiff as "alert, cooperative and quite cheerful" but diagnosed plaintiff as having an "adjustment reaction to adult life. R/O anxiety neurosis." (Tr. 130) The very cursory report submitted by the doctor who regularly treats plaintiff, Dr. Asnis, states that plaintiff suffers from anxiety neurosis, which has been treated since January of 1975 with Tranxene, a tranquilizer. (Tr. 150) A third report, written by Stephen B. Billick, M.D., describes the plaintiff as a very depressed person who appears to have low self-esteem and to be addicted to Tranxene.[1] Both Dr. Adom and Dr. Billick observed that plaintiff's condition could be treated by psychotherapy; they did not state, however, how long this treatment would take to be successful.

---

1. Dr. Billick's evaluation did not occur until after plaintiff's hearing before the ALJ. The Appeals Council, however, did consider the report before deciding to adopt the opinion of the ALJ. (Tr. 3)

While stating that the claimant has an impairment, an anxiety neurosis, which requires treatment (Tr. 29), the ALJ describes Mr. Livingston as "a well oriented, alert, cooperative, and cheerful individual." (Tr. 30) The ALJ also concludes that plaintiff is not disabled within the meaning of the Social Security Act and is able to return to his previous employment as a security guard. (Tr. 30–31) Given the record in this case, I do not believe that these conclusions, particularly the one regarding Mr. Livingston's ability to work again as a security guard, are supported by substantial evidence.

As noted previously, the plaintiff's initial burden is to prove that he cannot return to his customary occupation. I believe that Mr. Livingston has met this burden. The record here is replete with evidence that Mr. Livingston suffers from anxiety neurosis; the three doctors who examined him made such a diagnosis, and the ALJ found that he is so impaired. All the evidence, including the testimony of plaintiff and of the vocational expert and the doctors' reports, portrays plaintiff as a nervous and anxious person who is afraid of other people and is dependent on tranquilizers to cope with his daily life. Given this picture of Mr. Livingston as a mentally unstable person, it would not be reasonable to conclude that he could carry out the duties of a security guard, a job which requires an ability to deal with other people and to handle emergencies.[2] I have combed the record but have not found any affirmative evidence which would support the ALJ's view that Mr. Livingston is capable of returning to his job as a security guard. Therefore, the conclusions of the ALJ are not based on affirmative evidence. The record is similarly devoid of affirmative evidence showing that Mr. Livingston has the capacity to do specific jobs existing in the economy. Without such evidence, the Secretary fails to meet her burden of proof in establishing that plaintiff is not disabled while plaintiff has fulfilled his by showing that he cannot return to his job as a security guard. I cannot affirm the Secretary's final decision by resort to speculation as to its basis.

As suggested above, a related problem is that the opinion written by the ALJ and adopted by the Secretary fails to analyze important evidence and to make comprehensive findings. The Court of Appeals for the Third Circuit has stated repeatedly that a reviewing court cannot fulfill properly its duty in a case appealing a decision by the Social Security Administration if the hearing examiner has not made comprehensive findings. In *Baerga v. Richardson*, 500 F.2d 309, 312–13 (3d Cir. 1974), the Court observed:

> In our view an examiner's finding should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.

*See also Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979).

The opinion of the ALJ in this case does not include such a statement of subordinate factual foundations nor does it contain explanations about "what portions of the evidence he accepted or rejected." *Baerga, supra* at 312. For example, while the ALJ noted that Dr. Asnis had been treating Mr. Livingston for anxiety neurosis, he did not mention either that the doctor had prescribed Tranxene or that plaintiff had testified to heavy daily usage of that tranquilizer. Similarly, in his summary of the plaintiff's testimony, the ALJ fails to mention the plaintiff's complaints about constant depression, fear of other people, inability to sleep, recurrent pain in his chest, legs and eyes and general inability to function due to his nervousness and fear. Although it is settled that an ALJ is free to disbelieve some or even all of a claimant's testimony, his findings must provide some clue as to whether he has not credited the evidence or

---

2. Indeed, plaintiff testified that at his last job as a security guard he was required to carry a firearm. (Tr. 44–45).

whether he has simply ignored it. *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978). As the opinion of the ALJ now stands, it is not clear whether he considered and rejected plaintiff's statements about depression and his inability to cope or whether he simply overlooked this testimony.[3]

An analysis of the ALJ's opinion suggests that he has denied benefits because there is evidence that if Mr. Livingston were to receive psychotherapy there is a good possibility that he can return to the work force. Both Dr. Adom and Dr. Billick opined that if plaintiff underwent psychotherapy, his prognosis was favorable; however, they did not speculate on how long the treatment would take to be successful. Failure to accept available treatment or plaintiff's recovery in the future may be legitimate grounds for terminating benefits, but they are not bases for denying benefits to Mr. Livingston, who has been receiving treatment for his anxiety neurosis since January of 1975.

Since there is not substantial evidence to support the ALJ's finding that plaintiff can return to his former job and the Secretary has not shown that Mr. Livingston can perform other jobs existing in the economy, I will grant plaintiff's motion for summary judgment and remand the case with a direction that the Secretary award plaintiff disability benefits.

---

**3.** *See Smith v. Califano*, 637 F.2d 968 (3d Cir., 1981), where the Court of Appeals reversed the district court's grant of summary judgment in favor of the Secretary in a Social Security disability case. The Third Circuit found that the ALJ's findings against the claimant on issues of credibility were not supported by the record. Judge Higginbotham, writing for the majority, observed:

> ... when carefully reviewing the actual facts of record on which the ALJ presumably based his findings, it seems that the evidence in support of his adverse ruling is so slight that, upon consideration of the entire record, one must wonder whether his findings, particularly his credibility findings, were based on a mere speculative hunch or were reasoned findings.

The Smith case would appear to require, even in a case where the ALJ has made specific findings on the credibility of evidence, that a reviewing court carefully scrutinize the record to ascertain whether these findings are reasonable.