**Concetta ROSSI, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

No. 77–2450.

United States Court of Appeals, Third Circuit.

Submitted March 20, 1979.

Decided April 26, 1979.

As Amended July 3, 1979.

Timothy P. O'Brien, Neighborhood Legal Services Assoc., Aliquippa, Pa., for appellant.

Blair A. Griffith, U. S. Atty., Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., Stephanie W. Naidoff, Regional Atty., Roland L. Vaughan, Jr., Supervisory Asst. Regional Atty., Christine Fischer, Legal Asst., Dept. of Health, Education and Welfare, Philadelphia, Pa., for appellee.

Before GIBBONS and HIGGINBOT-HAM, Circuit Judges and MARKEY, Chief Judge.*

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Concetta Rossi appeals from the grant of a motion for summary judgment in favor of the Secretary of Health, Education and Welfare in her action under § 205(g) of the Social Security Act. 42 U.S.C. § 405(g). Mrs. Rossi, on March 31, 1975, filed an application for disability benefits, alleging she became disabled in 1962. Her claim was denied at all administrative levels, and the district court granted the Secretary's motion for summary judgment, holding that the HEW decision that she was not disabled within the meaning of § 223 of the Act, 42 U.S.C. § 423, on December 31, 1965, when she last was insured, was supported by substantial evidence. We reverse.

The administrative record discloses that in 1962 Mrs. Rossi underwent surgery for carcinoma of the right breast, which resulted in a radical amputation of that breast and auxiliary tissue. The diagnosis was adenocarcinoma of the right breast and metastatic adenocarcinoma to auxiliary lymph glands. After the surgery she received radiation therapy to her right arm for six weeks. She testified, and it is uncontradicted, that after the surgery her right arm became swollen, and has remained so almost constantly since. The HEW interviewer described the arm as "bloated and swollen to about two times the normal size. It had the appearance of being very fat and it sagged the way a very obese arm would do. Her other arm was normal size for her build." (Tr. 51). The Administrative Law Judge also observed that her right arm is twice the size of the left, and that she is right handed. (Tr. 27). Dr. William Rice, the radiologist who treated her following the surgery, reported:

> This patient was first seen by me on February 14, 1962 for Radiation Therapy following a mastectomy for a carcinoma of the breast.
>
> Following the course of Therapy, which lasted about six (6) weeks, she was followed in the Outpatient Department of the Rochester General Hospital until December of 1965. During this period of time I feel she was totally disabled.

* Hon. Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

Following the course of Therapy there resulted a rather severe skin reaction which to date continues and has formed a superficial ulcer. Also there has been rather marked lymphedema or swelling of the arm as a result of the surgery and Radiation Therapy.

This patient was last seen by me for a cursory examination on May 20, 1975 at which time the lymphedema persisted and the skin changes remain quite marked. Based upon these facts and in my judgment, this patient is still disabled.

(Exhibit 20). Dr. Rice also reported that he had treated Mrs. Rossi repeatedly since the surgery, that although she was recovered from cancer she was totally disabled, and that she would never be able to resume work. (Tr. 71, 74). Mrs. Rossi continued under his treatment until May 20, 1975, and his reports establish that the irradiation skin changes and marked lymphedema occurred prior to December 31, 1965 and continued at all times thereafter. He expressed the opinion that she was totally disabled in December 1965 and that she is still disabled. She has been more under Dr. Rice's care than under the care of Dr. Pantalone, who performed the surgery (Tr. 28). Dr. Rice advised her in 1962 that she could not go back to work (Tr. 29).

Mrs. Rossi testified not only that her arm has remained swollen to date, but that periodically it swells further, she develops fever and nausea, and must remain in bed for a week. She testified she was able to do only light housework, did not drive a car and could not do so. Her husband corroborated her testimony about the constant swelling, the recurring fever and her inability to perform any but limited household tasks at any time since the 1962 surgery.

Mrs. Rossi was born in 1922. She completed the eleventh grade in school, and has received no other vocational or special training. She was employed for eighteen years as a steel press operator manufacturing householding utensils for Federal Enamel. That job, the only one she held, required that she put steel in a large press, operate a lever to press shapes in the steel for pots and pans, and remove the products for the next cycle (Tr. 31).

There is a two-pronged test for social security act disability: (1) determination of the extent of disability; and (2) determination whether that impairment results in inability to engage in substantial gainful activity. A claimant satisfies her initial burden of proof by showing that she is unable to return to her customary occupation. *E.g., Stark v. Weinberger*, 497 F.2d 1092 (7th Cir. 1974); *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966). Once she has made such a demonstration, the burden of proof shifts to the Secretary to show that the claimant, given her age, education and work experience, has the capacity to perform specific jobs that exist in the national economy. *E.g., Lewis v. Weinberger*, 541 F.2d 417 (4th Cir. 1976); *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1976). If there is no finding as to availability of alternative employment a denial of disability benefits can only be sustained if there is medical evidence in the record that claimant's impairment did not prevent her from engaging in her former occupation. *E.g., Wyatt v. Weinberger*, 519 F.2d 1285 (4th Cir. 1975). In this case there is neither evidence nor findings bearing on alternative employment. Thus the Secretary's rejection of the claim for benefits can be sustained only if Mrs. Rossi failed to satisfy her initial burden of showing that she was unable to return to work as a press operator in 1962, or if other substantial evidence supports a contrary finding.

A claimant satisfies her initial burden of showing that she is unable to return to her previous employment when her doctor substantiates her subjective claims. *E.g., Lewis v. Weinberger*, 541 F.2d 417 (4th Cir. 1976); *Capaldi v. Weinberger*, 391 F.Supp. 502 (W.D.Pa. 1975). In this case there is no evidence whatsoever casting any doubt upon Mrs. Rossi's testimony that the ulceration and marked lymphedema of her right arm occurred prior to December 31, 1965 and has continued to date. Nor is there any evidence casting any doubt upon her description of severe impairment

of use of the arm. Nor is there any evidence casting any doubt upon her testimony that Dr. Rice was her principal treating physician, and that he advised her not to return to work. Indeed his report confirms that she was in his opinion disabled in December 1965. Thus Mrs. Rossi quite clearly satisfied her initial burden of establishing inability to return to her initial employment as a press operator.

■ Nevertheless the Administrative Law Judge, without referring to any specific evidence, held that "[t]he great weight of all the evidence fails to substantiate that claimant's impairment was of such severity as to preclude all forms of gainful activity on or before December 31, 1965 when the earnings requirements were last met." There is no suggestion in the opinion that Mr. and Mrs. Rossi lacked credibility. Rather the opinion says that "clinical evidence does not warrant a finding of disability at any time prior to the date [of last] coverage" (Tr. 9). However, disability may be "medically determined" for purposes of the Act even when a doctor's opinion is not supported by objective clinical findings. *E.g., Stark v. Weinberger*, 497 F.2d 1092 (7th Cir. 1974); *Branham v. Gardner*, 383 F.2d 614 (6th Cir. 1967). Here the record establishes that a treating physician opined that Mrs. Rossi was disabled in 1962 and advised her not to return to work. Moreover there is clinical evidence of ulceration and marked lymphedema of her right arm, which coupled with subjective complaints of weakness, pain and periodic fever, amply support that opinion. Before that opinion and evidence can be rejected the Secretary must point to some other evidence contradicting it.

■ The Administrative Law Judge says

> Claimant's surgeon stated that she can be employed. (Tr. 9).

However,

> [t]o overcome [claimant's prima facie case of disability] with medical witness testimony alone, the medical expert must at least be prepared to commit his professional opinion as to whether or not appellant is capable of working and as to what he can do. Anything less is not in our view "substantial evidence."

*Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir. 1971). We have examined the record for an expert medical opinion that Mrs. Rossi was capable of working in December, 1965, and as to what she could do. There is none. What there is, and all there is, is Exhibit 16, a letter on the letterhead of Mrs. Rossi's attorney to her surgeon, Dr. Pantalone, dated May 20, 1975, reading:

> Dear Dr. Pantalone:
>
> This is to inform you that I represent Mrs. Rossi. Please indicate the following information concerning Mrs. Rossi:
>
> 1. Her present condition and the status of same.
>
> [Handwritten answer: "Free from any malignancy"]
>
> 2. Is she employable at this time.
>
> [Handwritten answer: "yes"]
>
> 3. If she is employable, what type of work.
>
> [No answer]

This is the sole evidence upon which the Secretary can rely to overcome the claimant's prima facie case. We note, first, that while it suggests freedom from malignancy, Mrs. Rossi doesn't claim malignancy. She claims ulceration and lymphedema resulting from surgery and radiation. Thus the answer to question "1" is simply irrelevant. As to the answer to question "2", it seems far more likely to be related to the question whether a malignancy prevents her employment. It is not substantial evidence that in 1962, suffering ulceration and lymphedema of the right arm, she could return to work at her original employment of press operator. Finally, the third question, as to what type of work she could perform, is unanswered. Exhibit 16 is not a professional opinion that the applicant "is capable of working and as to what [she] can do." *Whitson v. Finch*, 437 F.2d at 732. It is not, therefore, substantial evidence upon which the Secretary can rely to overcome the claimant's prima facie case.

Since Mrs. Rossi established a prima facie case of disability prior to December 31, 1965, there is no substantial contrary evidence, and there is no evidence of the possibility of alternative employment, the judgment of the district court will be reversed, and the case remanded with a direction for the entry of an award of disability benefits.