Adolph **KATTES**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare.**

**Civ. A. No. 77–3506.**

United States District Court, E. D. Pennsylvania.

June 27, 1980.

Dana Breslin, Delaware County Legal Asst. Assoc. Inc., Chester, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This action is an appeal under 42 U.S.C. § 405(g) from a final decision of the Secretary of Health, Education and Welfare ("Secretary") denying plaintiff's request to

reopen a period of disability. Cross motions for summary judgment are now before the court.

Between February, 1975 and January, 1977, the plaintiff received Social Security disability benefits and Supplemental Security Income based on a finding by the Secretary that he had suffered a cerebrovascular accident which prevented plaintiff from engaging in substantial gainful activity. (Tr. p. 27). His last employment prior to this disability was as a school custodian; before that he worked for more than twenty years as a laborer and a construction worker.

In November of 1976, plaintiff was examined by Samuel P. Ivins, M.D., a specialist in psychiatry and neurology who served as a consultant to the Secretary. The purpose of the examination was to determine whether plaintiff continued to be eligible for disability benefits. Dr. Ivins found that the plaintiff then suffered from a cataract of the left eye, retinal edema of the right eye with constriction of the arteries, diminished motor strength in the left hand and arm, hyperactive deep reflexes on the left side and downgoing plantar reflexes on the right side. He recommended that plaintiff be placed in a vocational rehabilitation program and that his condition be reevaluated one year later. (Tr. p. 77). Based on this examination, the Secretary found that plaintiff's condition had improved to the point where he was able to engage in substantial gainful activity and therefore his disability ceased as of November 6, 1976. (Tr. p. 27).

On December 21, 1976, plaintiff filed a request for hearing on the termination of his benefits. Upon reconsideration the Secretary refused to reinstate the benefits and plaintiff thereafter filed a request for review before an Administrative Law Judge ("ALJ"). (Tr. p. 31). Plaintiff was granted a hearing for the purpose of determining whether he was then able to engage in substantial gainful activity.

Plaintiff waived his right to appear in person, or by representative at the hearing [1] and requested that a decision be made on the basis of the evidence in the record. The ALJ found that while claimant has diminished strength in his left extremity, these limitations, although precluding him from returning to his former work, did not preclude all substantial gainful activity on his part. Entitlement to benefits was denied as of January, 1977. It is that decision which is on appeal before us.

■ In reviewing a denial of disability benefits the court must utilize a two–step process. First, it is necessary to determine the extent of the claimed physical or mental impairment; second, it must be determined whether that impairment results in an inability to engage in substantial gainful activity. Only then can it be decided whether the findings and conclusions of the ALJ are supported by substantial evidence on the record. *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966); *Rossi v. Califano*, 602 F.2d 55 (3d Cir. 1979).

■ A claimant for Social Security Act disability benefits satisfies his initial burden of proof by showing that he is unable to return to his customary occupation. Once such a showing has been made, the burden shifts to the Secretary to show that the claimant, given his age, education and work experience, has the capacity to perform specific jobs existing in the national economy. If there is no finding as to availability of that alternative employment which claimant is able to perform, a denial of disability benefits can only be sustained if there is medical evidence in the record that claimant's impairment did not prevent him from engaging in his former occupation. *Rossi v. Califano, supra* at 57.

■ In the instant case all of the medical evidence showed that plaintiff was not able to return to his "customary occupation,"

---

1. Plaintiff's counsel now contends that this waiver was ineffective because plaintiff was not made fully aware of the importance of having counsel present. Counsel argues that the ineffective waiver requires this Court to remand the cause to the agency for a hearing *de novo*. Because of the disposition made of this claim, there is no need to address the question of whether plaintiff's waiver was ineffective.

and the Secretary did not dispute this. (Tr. p. 15). Notwithstanding this, the ALJ found that plaintiff was capable of performing light and sedentary work. This conclusion was based primarily on the reports of Samuel P. Ivins, M.D. and Dr. Morris M. Rubin, a psychologist and vocational expert. Dr. Ivins concluded that plaintiff's condition had improved somewhat from the time of the initial disability; however, he recommended that plaintiff undergo continued outpatient medical care and a vocational rehabilitation program.

Dr. Rubin's report was not based on an examination of plaintiff but on a set of written hypothetical questions posed to Dr. Rubin by the ALJ. In response to these questions, Dr. Rubin stated that plaintiff was not able to perform any of those jobs which he had previously held. He also listed certain occupations in the area of light and sedentary work which might be available to one capable of performing those types of jobs. (Tr. p. 94).

█ It is not enough for the Secretary to show that there are jobs which the claimant might be able to perform. To satisfy the government's burden of proof the Secretary must make a detailed inquiry to determine whether there exists a reasonable possibility that the impaired wage earner can compete with other workers for the jobs for which he is qualified. *Baker v. Gardner, supra.*

In response to two questions Dr. Rubin described the abilities a person must have to perform light and sedentary work. Sedentary work he defined as:

"Lifting 10 pounds maximum and occasionally lifting and/or carrying such articles as dockets, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of standing and walking is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met."

(Tr. p. 93). He defined light work as:

"Lifting 20 pounds maximum with frequent lifting and/or carrying of objects weighing up to 10 pounds. Even though the weights lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree, or when it involves sitting most of the time with a degree of pushing and pulling of arms and/or leg controls."

(Tr. p. 93).

After listing sedentary and light jobs available which permit the option of sitting and standing with lifting limited to 10 pounds, he noted that to perform them "gross bi–manual dexterity is required." (Tr. p. 94). While the vocational expert stated that "gross bi–manual dexterity" was required for the light and sedentary jobs, he did not define what that term meant, and as there was no hearing no one testified as to whether claimant had such a trait, whatever it may be.

Since plaintiff met his burden of proving that he could not return to his former occupation, it was the Secretary's burden to show that claimant could perform these other available jobs. This burden was not met merely by having a vocational expert list the skills necessary for the job. The Secretary must also prove that claimant has those skills. That was not done in this case. Dr. Ivins reports that claimant's "[M]otor strength is diminished in the left hand and arm. . . . Deep reflexes are hyperactive on the left side. . . . Right side has downgoing plantar reflexes; left side have [sic] not returned to normal." (Tr. p. 77). There was no medical evidence that claimant could sit or stand for long periods or lift 10 or 20 pound objects. Neither was there testimony of claimant or anyone who knew him as to these facts. Thus, there was not substantial evidence which supported the ALJ's finding that claimant had the gross bi–manual dexterity or other abilities necessary to perform light and sedentary work.

█ The court has considered carefully in light of this determination whether this case should be remanded or reversed and summary judgment entered for plaintiff. If the Secretary is unable to overcome the

plaintiff's *prima facie* case, the reviewing court may reverse with or without further hearings. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). In this case a remand is not appropriate and summary judgment for plaintiff will be entered. *Rossi v. Califano, supra; Dobrolowsky v. Califano*, 606 F.2d 403 (3d Cir. 1979); *Kelly v. Railroad Retirement Board*, Civil Action No. 79–1959 (3d Cir. filed June 10, 1980).

■ The record in this case is not as complete as in other similar cases before this court because plaintiff waived his right to a hearing. However, plaintiff admittedly carried his initial burden of showing he was unable to return to his former occupation. It was the Secretary who did not present sufficient evidence to meet his burden of showing that claimant was capable of light and sedentary work. The ALJ has a special responsibility with regard to an unrepresented claimant at a hearing. *Livingston, supra; Dobrolowsky, supra.* This duty is just as important where an unrepresented plaintiff has waived a hearing. In light of this duty, remand is inappropriate. Plaintiff's burden was met, but the Secretary failed to meet his. A decision to reverse rather than remand is influenced, additionally, by the procedural history of this case.[2]

The determination of the Secretary is reversed and the Secretary is ordered to reinstate plaintiff's Social Security disability and Supplemental Security Income benefits retroactive to the date of termination.

---

2. Plaintiff filed his claim for reinstatement of benefits in December 1976. This action was instituted October 31, 1977 but the answer was not filed until March 6, 1978 and the motion for summary judgment which is granted herewith was not filed until August 21, 1978. Although the case was transferred to this court's docket on October 18 of that year, it was not listed among the cases transferred. Therefore, the court was unaware of the pendency of cross-motions for summary judgment until the matter was brought to the court's attention by counsel for plaintiff seven months later. The cumulative delay makes a final determination by the court desirable where justified by the record. *Kelly, supra.*