**Filippo MILAZZO**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. A. No. 81–1806.

United States District Court,
E.D. Pennsylvania.

Report and Recommendation
April 1, 1983.

Order April 19, 1983.

Filippo Milazzo, Philadelphia, Pa., pro se.

Joseph Masiuk, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## ORDER

LOUIS H. POLLAK, District Judge.

After review of the Report and Recommendation of Magistrate William F. Hall, Jr., it is ORDERED that:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The plaintiff's motion for summary judgment is GRANTED.

3. The defendant's motion for summary judgment is DENIED.

4. The matter is REMANDED to the Secretary for a calculation and award of benefits to the plaintiff.

## REPORT AND RECOMMENDATION

WILLIAM F. HALL, Jr., United States Magistrate.

This action was brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Secretary of Health and Human Services (Secretary) denying the plaintiff's application for disability benefits under Title II of the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. For the reasons that follow I recommend that the defendant's motion be denied and that the plaintiff's motion be granted.

The plaintiff filed his application for benefits on October 24, 1979 alleging disability beginning June 29, 1977. The application was denied initially and upon reconsideration. At the request of the plaintiff a hearing was held before an Administrative Law Judge (ALJ) on October 7, 1980 following which on December 4, 1980 the ALJ issued his decision denying the claim. The plaintiff appealed to the Appeals Council which refused to review the decision. The plaintiff then filed this action and on December 30, 1981, 528 F.Supp. 1099, Honorable Louis H. Pollak ordered that the case be remanded to the Secretary because the prior decision had not been based on substantial evidence. In his Memorandum of that date, Judge Pollak found that the ALJ had failed to evaluate all of the medical evidence and that his finding that there was "insufficient evidence of any impairment or impairments of sufficient severity and duration as would constitute a disability under the Social Security Act" was not supported by substantial evidence. In addition, the decision was found to be defective because of the ALJ's failure to specifically consider (1) the physical demands and duties of the plaintiff's past work as a clothing presser and plaintiff's abilities, on the basis of medical evidence to perform these duties or other physical activity; and (2) the plaintiff's subjective description of his own physical limitations. Judge Pollak found that the Secretary had not conclusively established that the plaintiff possesses sufficient residual functional capacity to return to his former job duties as a clothing presser. He also directed that on remand the Secretary was required to give serious consideration to the plaintiff's subjective complaints of pain noting that the ALJ's limited evaluation of his complaints rested solely on the basis of the medical evidence. Upon remand, the plaintiff elected not to submit additional evidence and on July 23, 1982 an ALJ again recommended that the plaintiff's claim be denied which recommendation was adopted by the Appeals Council on September 23, 1982. The decision of the Appeals Council which constitutes the final decision of the Secretary is now before the court.

■ The ALJ found that the plaintiff suffers from "mild to moderate hypertension and chest discomfort of a musculoskeletal origin and mild anxiety" which conditions, he concluded, were neither individually nor collectively disabling. (Tr. 108, 109). In reaching that conclusion, however, the ALJ failed to consider the physical demands and duties of the plaintiff's past work and his abilities based on the medical evidence. Although he apparently accepted the diagnosis of the plaintiff's condition made by his treating physician, Murray Matez, D.O. as hypertension, costochrondritis [1] and anxiety, he either failed to consider or failed to indicate the weight that he gave to Dr. Matez' report that the plaintiff was "under [his] care for medical problems and is unable to work at this time." (Ex. 15, Tr. 93). It is the ALJ's responsibility to not only analyze all of the evidence but also to explain the weight that he has given to the evidence. *Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir.1979). In this instance, Dr. Matez' opinion that the plaintiff was unable to work because of his medical problems was not contradicted by other medical opinions and as an opinion of the plaintiff's treating physician it was entitled to careful consideration, *Jones v. Harris,* 497 F.Supp. 161 (E.D.Pa.1980). The ALJ's apparent disregard of this relevant and highly probative evidence was improper.

■ The ALJ rejected the plaintiff's subjective complaints of disabling pain as not credible because, as he viewed the record, they were not supported by the medical evidence. (Tr. 109). He concluded that:

[I]f the claimant had any severe chronic painful impairment, that such would be noted in at least one of those medical reports, but the record is devoid of any suggestion that the claimant suffers from

---

1. Costochrondritis is defined as "inflammation of one or more costal cartilages, characterized by pain of the anterior chest wall that may radiate, but without the local swelling typical of Tietze's Syndrome." Stedman's Medical Dictionary (Fifth Unabridged Lawyers' Edition), p. 330.

severe pain. The record does show that the claimant was seen by Dr. Giacomo Coretto sometime in 1979 and his diagnosis of the claimant is conclusionary in nature, unsupported by any clinical findings and absent any suggestion as to the degree of severity of any of the diagnoses provided. The claimant's testimony is totally unsupported by any of the evidence of record and is found not credible.

(Tr. 107–108). The ALJ's conclusion that the plaintiff's testimony is unsupported by any evidence is without foundation. For, his complaints of disabling pain are supported by Dr. Matez' diagnosis of costochrondritis and his opinion that he could not work, the plaintiff's assertions that he suffers severe pain which limits his activities were corroborated by his sister (Tr. 47, 48) and the existence of pain suffered by the plaintiff was acknowledged by E.S. Singer, M.D. whose impression as stated in his report dated February 8, 1979, was that he suffered chest and shoulder pain probably secondary to fibromyositis and/or bursitis. (Ex. 11, Tr. 85). There is neither medical evidence nor testimonial evidence in the record that contradicts or refutes the plaintiff's subjective complaints of severe pain or his description of his physical limitations that result from his pain.

The ALJ correctly recognized that "pain is a subjective symptom, and not always susceptible to scientific measurement" and that he was "required to evaluate [the plaintiff's] subjective symptoms in light of all of the evidence." (Tr. 107). However, he disbelieved the plaintiff's subjective complaints of pain solely on the basis that they were, "not supported by the medical evidence of record" (Tr. 109) notwithstanding the clearly established principles that pain in and of itself may be disabling, *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975) and that complaints of pain unaccompanied by observable objective symptoms, but real to the plaintiff and sufficiently severe to be disabling will support a claim for disability. *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir.1971). An ALJ may make credibility findings but as the Eighth Circuit recently observed in applying these principles established by its case law:

> The ALJ may, of course, make credibility findings. In this case, however, the ALJ disbelieves [the plaintiff] primarily because the medical reports do not provide an objective basis for [his] subjective reports of pain. The ALJ may not circumvent the above cited cases under the guise of a credibility finding. He may disbelieve [the plaintiff's] subjective reports of pain because of inherent inconsistencies or other circumstances, but not solely because [the plaintiff] cannot show the exact physiological source of his pain.

*Simonson v. Schweiker,* 699 F.2d 426 (8 Cir.1983). Here, the medical evidence supports the plaintiff's complaints of pain by their diagnoses of chest and shoulder pain. Moreover, Dr. Matez' report supports the plaintiff's claim that his medical problems which include a condition which causes pain (costochrondritis) prevents him from working. The ALJ points to no inherent inconsistencies in the plaintiff's complaints of pain or other circumstances which would support his rejection of the plaintiff's credibility as far as his subjective complaints of pain are concerned and his credibility determination was, therefore, improper.

When a claimant has demonstrated, as the plaintiff has done in this case, that he has an impairment or impairments which prevent him from returning to his former occupation, a prima facie case of eligibility has been made out which must be overcome by the Secretary showing that given his age, education, and work experience, he has the capacity to perform other work which exists in the national economy. *Rossi v. Califano,* 602 F.2d 55 (3d Cir.1979). The Secretary has failed to meet his burden by showing with the support of substantial evidence that the plaintiff can perform his former work. A remand of the matter to the Secretary for the purpose of having a finding made that the plaintiff has the capacity to perform other work which exists in the national economy might ordinarily be recommended. However, in considering the

fact that following the remand of the matter by Judge Pollak with a detailed analysis and explicit findings of the deficiencies in the first determination of non-disability the second determination of non-disability was also not supported by substantial evidence, I do not believe a second remand of that matter would be warranted or fair. Accordingly, I recommend that the plaintiff's motion for summary judgment be granted and that the matter be remanded to the Secretary for the calculation and award of disability benefits to the plaintiff.

## RECOMMENDATION

AND NOW, this 31st day of March, 1983, it is recommended that the plaintiff's motion for summary judgment be granted; that the defendant's motion be denied and that the matter be remanded to the Secretary for a calculation and award of benefits to the plaintiff.