Nannie B. HOWARD, Plaintiff,

v.

Otis R. BOWEN, Defendant.

Civ. A. No. 85–3250.

United States District Court, District of Columbia.

May 2, 1986.

---

Michael O. DeMouy, Neighborhood Legal Services Program, Washington, D.C., for plaintiff.

Claire Whitaker, Royce Lamberth, Asst. U.S. Attys., Joseph DiGenova, U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, Senior District Judge:

Plaintiff Nannie B. Howard brings this action under 42 U.S.C. § 1383(c)(3) (1982), challenging the Secretary of Health and Human Services' final decision to deny her application for Supplementary Security Income ("SSI") benefits. She claims in a motion for a judgment of reversal that the Secretary's determination is not supported by substantial evidence and must therefore be overturned. The Secretary, moving for a judgment of affirmance, argues that his decision is adequately supported by the record. Having reviewed the administrative record[1] and the pleadings in support of the parties' cross-motions, the Court determines that the plaintiff's motion should be granted. Accordingly, an order will be entered directing the Secretary to award plaintiff SSI benefits retroactive to the date of her application.

## BACKGROUND

Plaintiff is a 56 year old woman, born in Burryville, Virginia. She has a seventh grade education and no vocational training. Her employment history consists entirely of cleaning and domestic jobs beginning when she was eight years old. She last worked in August 1983.

Since 1979, plaintiff has been troubled by chest pains. *See* A.R. at 88. The pain was severe enough to require hospitalization twice in late 1981 and again in August 1983 and January 1984. A.R. at 88, 90, 111, 142. She has been diagnosed at different times as possibly suffering from ischemia, A.R. at 100, 199, coronary artery spasm, A.R. at 197, 205, or bilary gastritis, A.R. at 200. A variety of tests and examinations have not revealed with certainty the source of plaintiff's pain nor suggested treatment that gives her more than temporary relief.

For approximately eight months ending in May 1981, plaintiff worked as a housekeeper at the Embassy Square Hotel in Washington, D.C. A.R. at 40–41, 213. Her next job was with D.C. Home Care Services and involved personal care and housekeeping for a senior citizen. This employment lasted approximately three months until chest pains forced her first hospitalization in November 1981. A.R. at 40, 88. In late July or early August 1983, plaintiff began work again, this time as an office cleaner. She worked for only two weeks before her chest pain while on the job became so severe that she went home and early the next morning was again hospitalized. A.R. 38–39, 111. Neither of her last two employers would rehire her after her hospitalizations. A.R. at 39, 40.

On January 27, 1984, after yet another hospital stay, plaintiff filed an application for SSI disability benefits with the Social Security Administration ("Administration"). Her application was denied by a hearing examiner on March 13, 1984, and a request for reconsideration was denied on July 9, 1984. A hearing was held before an Administrative Law Judge ("ALJ") on October 25, 1984. In a decision issued on

---

**1.** Citations to the administrative record will hereafter be given as "A.R. at ——."

April 25, 1985, the ALJ, like the hearing examiner, determined that plaintiff was able to return to her previous occupation and denied her claim. The decision was affirmed by the Social Security Administration Appeals Council on August 18, 1985. This action was filed on October 11, 1985.

## DISCUSSION

### A.

42 U.S.C. § 1383(c)(3) allows for judicial review of a final agency decision on SSI benefits under the same standard as is provided in 42 U.S.C. § 405(g) for determinations of eligibility for standard social security insurance benefits. That is, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court must thus decide if the Secretary's decision to deny plaintiff's application is supported by substantial evidence. Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richard v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). It is "more than a mere scintilla of evidence but may be less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). The standard of review is therefore deferential to the Secretary, but the Court "is duty bound to give careful scrutiny to the entire record to assure that there is a sound foundation for the Secretary's findings and that his decision is rational." *Hurst v. Mathews,* 426 F.Supp. 245, 247 (E.D. Va. 1976). If the reasons supporting the Secretary's determination, as presented in the ALJ's written decision, are inadequate, and if that determination is otherwise unsupported by substantial evidence, it must be reversed. *See Rossi v. Califano,* 602 F.2d 55, 58–59 (3d Cir.1979).

### B.

■ To be considered "disabled" and therefore eligible for SSI benefits under 42 U.S.C. § 1382, a claimant must show that he suffers from a "medically determinable physical or mental impairment ... of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A), (B). In the April 26, 1985 decision denying benefits, the ALJ found that

> [t]he medical evidence establishes that claimant has severe chest pain of an unknown etiology, but that she does not have any impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1 of the Regulations.

A.R. at 13. "Appendix 1 of the Regulations" refers to a listing of medical impairments appearing at 20 C.F.R. § 404, subpt. P, app. 1 (1985). These conditions "are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925. A claimant who suffers from a medical impairment in Appendix 1 is considered disabled regardless of his possible ability to work in spite of the impairment. 20 C.F.R. § 416.920(d). Thus, the ALJ found that a physical impairment existed, but still needed to determine if the impairment was severe enough to prevent plaintiff from resuming her former occupation or other gainful work.

In that connection, the ALJ made two specific findings of fact that are challenged as unsupported by substantial evidence:

3. Claimant's chest pain has not been shown to be of a disabling severity, nor does it result in functional limitations which preclude claimant from engaging in all work activities.

4. Claimant retains the residual functional capacity to perform her past relevant work as an office cleaner.

A.R. at 14. It is the second of these two findings that is most troublesome—and crucial to the resolution of plaintiff's appeal. For if substantial evidence does not support the ALJ's finding that plaintiff can

return to her former occupation, then her age, work experience, and educational background lead to the conclusion under Administration regulations that she is disabled. *See* 20 C.F.R. §§ 416.920(f); 404, subpt. P, app. 2.[2]

It appears that the ALJ determined that Ms. Howard is able to resume working as an office cleaner based primarily on his review of two medical questionnaires submitted by the plaintiff. After summarizing the results of plaintiff's medical tests and examinations, which were generally inconclusive as to the origin of the chest pains and negative as to the presence of a specific, definable disease, his decision states:

> Dr. Kenneth Rinehart [sic] . . . assessed claimant as being able to perform work activities which entail lifting less than ten pounds, while walking, standing, and sitting up to three hours in an eight hour day. Dr. Hector Collinson stated claimant was able to perform work activities which entail lifting up to 25 pounds on a frequent basis, while walking, standing, or sitting four hours out of an eight hour day.
> . . . There are no clinical findings which demonstrate the presence of any limitations which preclude claimant from performing her past work as an office cleaner, which did not entail heavy lifting and required her to stand or walk for four hours a day. The performance of these activities is not contraindicated by either the clinical findings or the assessments of claimant's treating physicians.

A.R. at 13.

This portion of the decision casts substantial doubt on the crucial factual finding. Most important, there is absolutely nothing in the record to suggest that Ms. Howard's past work involved standing or walking for only four hours per day. Plaintiff worked as an office cleaner, with responsibility for cleaning approximately 16 offices and a conference room. She vacuumed each room and also "dumped trash, and dusted, and washed." A.R. at 38–39. It appears that she was employed full time. A vocational report, completed by the disability examiner in connection with plaintiff's original application, indicates that the office cleaning job involved four hours of walking and four hours of standing each day. A.R. at 76. The disability report filled out by the plaintiff herself describes the job as requiring eight hours of walking per day. A.R. at 74. Plaintiff testified at the hearing before the ALJ that she was on her feet the whole time in performing her last job. A.R. at 38. This evidence is consistent with the assessments of the physical demands of the occupations of "Cleaner, Housekeeping" and "Cleaner, Commercial and Institutional" made by the Department of Labor. *See Selected Characteristics of Occupations Defined in Dictionary of Occupational Titles,* 96–97, 465–66 (1981) ["Selected Characteristics"]. It is also consistent with a common sense view of the mobility requirements of an office cleaner. The Court finds difficulty imagining even a hypothetical office cleaner who sits for half of the work day, much less that Ms. Howard's job, based on the record here, fits the ALJ's characterization.

Accepting the ALJ's summary of the medical questionnaires completed by Drs. Rhinehart and Collinson, the reasons given in the written decision are insufficient to support the finding that Ms. Howard could perform the duties of an office cleaner despite her impairment. But the Court must also independently review the record to determine whether the finding is otherwise supported by substantial evidence.

A review of the assessments provided by the doctors reveals both an ambiguity that might support the ALJ's decision and additional information that further undermines it. The questionnaire asks the doctors to "[c]ircle the number of hours of physical activity that Ms. Howard could reasonably engage in during a typical day without difficulty." Dr. Rhinehart circled the number "3" for walking, standing, and sitting, A.R. at 220, while Dr. Collinson circled "4"

**2.** *See* part C *infra.*

for each activity. A.R. at 222. It is unclear whether the doctors were contemplating that all the activities would be performed in a single workday. If so, then the assessments might support the determination that plaintiff could resume her former work. But both doctors indicate in response to another question that Ms. Howard should limit both standing and walking. *See* A.R. at 220, 222. Furthermore, Dr. Collinson indicates that Ms. Howard should limit activities such as pushing, pulling, lifting and reaching, while Dr. Rhinehart thought that these activities, along with stooping and kneeling, were "to be avoided." *Id.* All of these activities, with the possible exception of kneeling, are integral to plaintiff's work as an office cleaner.[3] *Cf. Selected Characteristics, supra,* at 96–97, 465–66. Taken as a whole, the questionnaires do not constitute substantial evidence that plaintiff can engage in her past employment.

Apart from the fact that doctors have been unable to pinpoint the cause of Ms. Howard's pain or a particular ailment that limits her capacity to work, the remainder of the record does not support the ALJ's finding. None of the hospital records or doctor's reports suggest that plaintiff's pain is imagined or less debilitating than she says. The four hospitalizations of the last five years, two of which forced her to quit jobs she held, are consistent with her testimony that simple tasks such as making beds, vacuuming, lifting a jar of flour, and even fastening her own skirt cause her pain and that she is unable to walk for more than 10 to 15 minutes without rest. *See* A.R. at 34–38. There is no indication in the record or the decision, that the ALJ disbelieved in any fashion Ms. Howard's testimony. Nor is there other evidence in the record that suggests that Ms. Howard is able to resume her former employment. The ALJ's finding that Ms. Howard was

capable to "perform her past relevant work as an office cleaner" is not supported by substantial evidence.

### C.

■ Once it is determined that a SSI claimant is unable to carry out the work she has done in the past, the Secretary must assess the claimant's "residual functional capacity" and her age, education, and work experience. To be found disabled, a claimant must, in the judgment of the Secretary on the basis of these factors, be unable to perform other work. 20 C.F.R. § 416.920(f), 961. Generally, the determination is made by applying an individual claimant's situation to a set of guidelines that balance and assess the relevant factors. 20 C.F.R. § 416.969. Tables that reflect these guidelines, known as "grids," appear at 20 C.F.R. § 404, subpt. P, app. 2.

Even assuming that plaintiff is physically capable of doing light work as defined by the regulations, 20 C.F.R. § 416.967(b), she should be classified as disabled based on her advanced age, lack of education, and lack of transferable skills from previous work. *See* 20 C.F.R. § 404, subpt. P, app. 2, rule 202.01.[4]

In sum, the ALJ's decision must be overturned because of his flawed analysis of the evidence concerning plaintiff's ability to resume work as an office cleaner. Once a supportable finding on that issue is made, it remains only to apply plaintiff's situation to the "grids," which yield a determination that she is disabled and eligible for SSI benefits.

Accordingly, the Court grants plaintiff's motion for judgment reversing the Secretary's denial of benefits and will direct the Secretary to pay such benefits retroactive

---

**3.** The same can be said about other jobs which plaintiff has performed in recent years such as housekeeper in a hotel and home health care worker.

**4.** The Court notes that plaintiff technically became of "advanced age (age 55) on September

27, 1984, eight months after her original application for SSI benefits. 20 C.F.R. § 416.963 states that age categories will not be applied mechanically in a borderline situation. This is a sensible approach that should be followed in this case.

to the date of plaintiff's original application, January 28, 1984.

An appropriate Order will be entered.