Myrtle McGREW

v.

Otis R. BOWEN, Secretary of Health and Human Services.

Civ. A. No. 86–137 ERIE.

United States District Court,
W.D. Pennsylvania.

Feb. 2, 1987.

Douglas W. Reed, Pittsburgh, Pa., for plaintiff.

Judith Fitzpatrick, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action appealing the Secretary's decision denying plaintiff's claims for disability insurance benefits and supple-

mental security income (SSI). Plaintiff applied for disability insurance benefits on July 30, 1985, and for SSI on September 30, 1985 alleging disability as of July 27, 1985, due to heart condition and asthma. Plaintiff's application was denied initially and on reconsideration. The matter was considered *de novo* by an Administrative Law Judge (ALJ) at a hearing on February 21, 1986. The ALJ rendered a decision dated March 21, 1986 in which he determined that plaintiff had the residual functional capacity to perform sedentary work, and therefore was not disabled. The Appeals Council denied plaintiff's request for review on May 8, 1986 thereby adopting the ALJ's decision as the final decision of the Secretary. Hence, this appeal was filed.

The parties have filed cross-motions for summary judgment in the action before us seeking review of the Secretary's decision. The motions have been fully briefed and await our determination.

Plaintiff is a 44 year old female, weighing 132 pounds and standing 4 feet 11 inches tall. She has an eleventh grade education. From 1977 until 1980, plaintiff was employed as a substitute teacher's aide. From about 1981 until July 27, 1985, plaintiff was employed part time as a relief manager in a group home for physically handicapped and mentally retarded adults. At this last job, plaintiff was required to lift over 100 pounds and be on her feet constantly. The job entailed meal preparation, bathing and dressing patients, shopping, cleaning and laundry. There is evidence that plaintiff was a hard worker and would not have quit her job had she not been advised to do so by her treating physician.

Uncontroverted medical evidence of record establishes that plaintiff suffers from chronic obstructive pulmonary disease, congestive cardiomyopathy and hypertension. The ALJ found that these conditions precluded plaintiff from returning to her past relevant employment. Once plaintiff has satisfied her initial burden by producing evidence that she cannot perform her customary occupation, the burden

then shifts to the Secretary to show that, considering claimant's age, education and work experience, she has the capacity to perform specific jobs that exist in the national economy. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir.1979). The question we must determine then is whether the Secretary has met this burden in determining that plaintiff has the residual functional capacity to perform the full range of sedentary work.

Plaintiff claims that the ALJ's decision has no basis in the evidence, that the ALJ selectively considered only fragmented portions of the medical evidence and improperly used the medical-vocational guidelines to determine a finding of not disabled. We believe that the ALJ substituted his judgment in opposition to medical evidence of record which supported plaintiff's subjective complaints, and then selected only those portions of the testimony which supported his judgment, ignoring the overall import of the evidence of record. We also believe that a review of the medical evidence shows that the ALJ mis-characterized the import of Dr. Masters opinion.

The evidence indicates that due to the combined effects of plaintiff's conditions Dr. Masters has imposed environmental restrictions requiring her to avoid extreme heat or cold, dust, fumes, moving machinery and humidity. Dr. Stuart, who examined plaintiff at the Secretary's request, found that plaintiff was severly functionally limited. When Dr. Stuart asked plaintiff to step on and off a stool approximately 9″ high, plaintiff was "extremely short of breath" after only 5 such steps.

Dr. Masters is plaintiff's treating physician and has noted the following limitations:

—plaintiff experiences significant respiratory problems at a low level of exercise;

—plaintiff's lifting is restricted to less than 10 pounds;

—plaintiff is unable to ambulate up and down stairs;

—plaintiff cannot perform any work which involves even a minimal amount of lifting or ambulation.

Plaintiff testified as to her shortness of breath, chest pain, and exhaustion caused by the combined impairments of chronic obstructive pulmonary disease, congestive cardiomyopathy and hypertension, as well as episodes of interstitial pulmonary edema. She indicated that she is totally exhausted with minimal activity and unable to tolerate extremes of temperature. She is no longer able to do her own shopping or housework. She requires 12 to 13 hours sleep in a 24–hour period.

There is no contradictory medical evidence regarding plaintiff's condition. Medical records from plaintiff's frequent hospitalizations for her symptoms since July, 1985 seem to support her claims as do the observations of her doctors. The physical limitations and environmental restrictions remain despite treatment.

On a review of the record overall, we do not believe that the Secretary has carried his burden to show that plaintiff has the residual functional capacity to perform a full range of sedentary work. We will therefore reverse the decision of the Secretary and find on behalf of the plaintiff.

An appropriate order will issue.