Ronald A. **BAINEY**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

**Civ. A. No. 89–74J.**

United States District Court, W.D. Pennsylvania.

Jan. 11, 1990.

Karl E. Osterhout, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., for U.S.

## OPINION

D. BROOKS SMITH, District Judge.

Plaintiff Ronald A. Bainey brings this action under sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final determination of the Secretary of Health and Human Services denying his application for disability insurance benefits and supplemental security income benefits based on disability. Both sides have moved for summary judgment pursuant to Fed.R. Civ.P. 56(e). For the reasons stated in this opinion, plaintiff's motion is granted and defendant's motion is denied.

Plaintiff applied for Supplemental Security Income Benefits on April 10, 1987. Certified Transcript ("Tr.") of the administrative record at 367–370. His claim was de-

nied initially on June 8, 1987 (Tr. at 371–73), and again upon reconsideration on June 23, 1987 (Tr. at 376–77). Thereafter, plaintiff requested a hearing (Tr. at 378–79), which was held on February 16, 1988 (Tr. 61–92) before Administrative Law Judge Dwight L. Koerber ("ALJ"). The ALJ denied plaintiff's claim on July 27, 1988 (Tr. at 14–19). Plaintiff then requested a review by the Appeals Council (Tr. at 9–11). That request was denied on March 10, 1989 (Tr. at 4–6), rendering the ALJ's decision the final decision of the Secretary.

Plaintiff, a 52 year-old male at the time of the ALJ hearing, applied for benefits on the basis of a heart-related disability. (Tr. at 64, 367). The substance of plaintiff's claim is that he suffers from severe coronary artery disease. Plaintiff's Brief in Support of His Motion for Summary Judgment at 2.

Plaintiff's complaint seeks a review of the Secretary's final decision pursuant to Section 205(g) of the Act, as amended, 42 U.S.C. § 405(g). Our review is limited to a determination of whether the Secretary's findings are supported by substantial evidence. *Id.* Findings supported by substantial evidence are conclusive, where substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1981) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Absent substantial evidence to support the findings, we may modify, remand or reverse the Secretary's decision. 42 U.S.C. § 405(g).

Our review of the ALJ's decision follows the sequential analysis set forth in the Social Security Regulations. *See* C.F.R. § 416.920. This analysis establishes a framework for determining whether an individual is disabled according to the regulations. The first inquiry is whether the plaintiff is performing any substantial gainful activity. If so, the plaintiff is not disabled and the inquiry is concluded. 20 C.F.R. § 416.920(b). If not, the next step scrutinizes whether an individual has a severe impairment.

A severe impairment may be established by showing that one is unable to perform basic work activities, or by demonstrating that the plaintiff's physical and/or mental conditions meet the criteria of a listing in the appendix of impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 (hereinafter Appendix 1). If an individual's condition satisfies the requirements of a listed impairment, the plaintiff is automatically determined to be disabled and benefits are awarded. 20 C.F.R. § 416.920(c), (d).

If a plaintiff's impairment, though severe, fails to satisfy the criteria of a listed impairment, the individual must prove he is unable to perform past relevant work. If the plaintiff satisfies this burden of proof, then the Secretary must show that the individual has the residual functional capacity to do other work. 20 C.F.R. § 416.920(e), (f).

In the instant case, the plaintiff was not performing any substantial gainful activity, his last day of work being March 30, 1987. (Tr. at 72). Therefore, the plaintiff's impairment had to be assessed to determine if it was severe.

Plaintiff testified that from September 15, 1986 until March 30, 1987, he was employed at a shopping center in a light duty capacity as a salesclerk. (Tr. at 73).[1] By March 1987, he was experiencing shortness of breath accompanied by weakness in his arms and legs. (Tr. at 72). Plaintiff visited the Veterans Hospital as a walk-in patient on March 31, 1987, where he was instructed not to return to work. (Tr. at 72, 422, 424). At the time of the hearing, plaintiff was treating with nitroglycerin seven to ten times per week. (Tr. at 76). Plaintiff also treats daily with Isosorbid and Diltiazem (medications for treatment of angina). (Tr. at 76).

---

1. Until June 19, 1985, plaintiff was employed as a handyman for the same employer for 22 years. (Tr. at 116). Previously, after suffering an acute myocardial infarction in June, 1985, he was granted disability benefits for the period commencing June 19, 1985, and ending November 30, 1986. (Tr. at 15).

Plaintiff testified that he is able to perform light housekeeping duties such as washing the dishes and starting meals. (Tr. at 77, 85–86). He can attend to his own personal needs such as washing and dressing. (Tr. at 85). However, he is unable to lift his arms over his head due to weakness, and he is unable to perform anything but the mildest exercise. (Tr. at 77, 79). He takes walks on a regular basis, but again they are limited by shortness of breath. (Tr. at 79). Plaintiff is able to drive, although his ability to operate a standard transmission is sometimes limited by weakness in his arms. (Tr. at 81). Plaintiff reports that his attempts to shovel snow and pull his seven-year old daughter on her sled brought on severe chest pains. (Tr. at 80, 84–85). His social activities are also limited by his physical weakness. (Tr. at 87–88).

Plaintiff's medical records reveal that he suffered an acute inferior wall myocardial infarction in June, 1985. (Tr. at 236). Additionally, the discharge report of his June, 1985, hospitalization indicates that he suffered persistent angina and anterior chest wall syndrome at that time. *Id.* Thereafter, plaintiff underwent a series of cardiac catheterizations which consistently revealed coronary artery disease. (Tr. at 275, 346–48, 518–19, 527–28). In April, 1986, and again in January, 1988, angioplasty procedures were performed on plaintiff's coronary arteries. (Tr. at 346–48, 518–19).

The ALJ determined that although the plaintiff's symptoms limit his ability to do basic work activities, the plaintiff fails to meet the criteria of any of the cardiovascular listed impairments. Appendix 1, § 4.04. (Tr. at 16). The listed impairments pertaining to cardiovascular disability in Appendix 1 require results of a treadmill exercise test by plaintiff of 5 METS or less or, in the absence of an acceptable treadmill test, various prescribed wave findings, resting ECG findings or angiographic evidence of coronary artery narrowing. *Id.* In this case, acceptable treadmill test results were available which demonstrated that plaintiff achieved an exercise level of 11.7 METS in February, 1987 (Tr. at 474–75), 12 METS in August, 1987 (Tr. at 485–86), and 10.7

METS in April, 1988 (Tr. at 565–84). None of the test results contained in the record indicate a level of 5 METS or less.

▮ We conclude that the ALJ's determination that the plaintiff failed to satisfy the listed impairments pertaining to cardiovascular disability is supported by substantial evidence. However, in light of the evidence of record, we conclude that the ALJ's decision that the plaintiff had a severe physical impairment is also supported by substantial evidence.

Inasmuch as the plaintiff has failed to satisfy the requirements of any of the listed impairments, he is not automatically disabled. The ALJ concluded that the plaintiff had a severe impairment in that he was unable to perform some basic work activities because of his physical impairment. Therefore, we must determine whether the plaintiff is capable of performing his past relevant work. In the instant case, the plaintiff's past relevant work experience is as a handyman. It is undisputed by the parties (and accepted by the ALJ) that plaintiff's cardiac condition prohibits him from resuming the heavy exertional duties associated with plaintiff's employment as a handyman. (Tr. at 35–36). Therefore, we must turn to whether the Secretary has satisfied its burden of proving that "the claimant, given his age, education and work experience, has the capacity to perform, specific jobs that exist in the national economy." *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979).

To determine whether the plaintiff is capable of performing other work in the national economy, the ALJ had to determine what type of work he was capable of performing. The ALJ concluded that while multiple stress tests suggested that plaintiff could perform work at least at a medium exertional activity, "plaintiff's complaints of difficulty reaching overhead and weakness in all extremities, although unexplained by the medical evidence of record ... [lead to the conclusion] that [plaintiff] is limited, to work at the light exertional level as defined in the Regulations." (Tr. at 17).

The relevant regulations define light work as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category *when it requires a good deal of walking* or standing, or when it involves sitting most of the time with some *pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (1988) (emphasis added).

After determining the level of work that a plaintiff is capable of performing in conjunction with his education and work experience, the ALJ utilized the Grids of Appendix 2 to determine if the plaintiff was disabled. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(d) (hereinafter "Appendix 2"). In the instant case, the ALJ considered whether the plaintiff's strength limitations alone would direct a finding of disabled. Here, the ALJ relied on Table No. 2 of Appendix 2, to determine that an individual closely approaching advanced age with limited or less education [2] and a capacity for light work and unskilled previous work experience is not disabled. Appendix 2, Table No. 2, Rule 202.11. (Tr. at 18).

We find that the ALJ's finding that plaintiff is capable of performing light work is not supported by the evidence in the record given that plaintiff testified that he is unable to walk for substantial periods of time or even for moderate distances without experiencing pain and requiring rest. The plaintiff also testified concerning his difficulties with lifting and pulling weight, and shifting gears on a manual transmission. ■ While the ALJ carefully reviewed the record of the plaintiff, and carefully considered the fact that the plaintiff had a

physical impairment, the ALJ failed to take into consideration plaintiff's physical limitations with respect to his lifting and pushing limitations and his inability to walk for distances or for prolonged periods of time. The ALJ should have used Appendix 2, Table 1 as a framework in determining whether the plaintiff was disabled because plaintiff is capable of performing only sedentary work in light of the aforementioned limitations. Our review of that table indicates that an individual closely approaching advanced age with limited or less education and a capacity for sedentary work and unskilled previous work experience is disabled. Appendix 2, Table No. 1, Section 201.09. We will reverse the ALJ's denial of benefits to the plaintiff.

### ORDER

AND NOW, this 11th day of January, 1990, in consideration of the cross-motions for summary judgment by the parties, it is

ORDERED, that ALJ's decision denying benefits to the plaintiff, Ronald A. Bainey, is reversed. Benefits are granted to plaintiff for the time period commencing March 31, 1987. The Clerk of Court is directed to mark this case closed.

---

2. Plaintiff completed eight or nine years of formal education. (Tr. at 33, 116 and 386).