

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2003

# Dempsey v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-1915

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Dempsey v. Comm Social Security" (2003). *2003 Decisions.* Paper 751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No: 02-1915

————————

JOHN J. DEMPSEY,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 00-cv-04039
District Judge: Honorable William G. Bassler

————————

Submitted Under Third Circuit LAR 34.1(a)
on December 2, 2002

Before: ROTH, SMITH, <u>Circuit Judges</u>
CUDAHY*, <u>Circuit Judge</u>

(Opinion filed: March 11, 2003)

————————

* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit, sitting
by designation.

OPINION

ROTH, <u>Circuit Judge</u>.

The Commissioner of Social Security denied plaintiff John Dempsey's claim for Social Security disability benefits. The decision of the Commissioner was affirmed by the Administrative Law Judge (ALJ); the Appeals Council found no grounds for review. Dempsey appealed to the District Court, which affirmed, and then to us.

The District Court had jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, as the January 31, 2002, order of the District Court is final and appealable. Our standard of review is narrow; deference is given to the Commissioner's findings of fact provided substantial evidence supports them. *See* 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Because we find that substantial evidence did exist to support the Commissioner's final decision to deny Dempsey disability benefits, we will affirm.

Dempsey claims that the ALJ's conclusion that Dempsey was not disabled is not supported by substantial evidence. A five-prong test is conducted to determine whether a claimant is eligible for disability benefits. *See* 20 C.F.R. § 404.1520(b-f). If at any time during the process the claimant is determined not to be disabled, the process is

discontinued and the claimant will not receive disability benefits.  *See* 20 C.F.R. §

404.1520(a).  In step four of this test, if the claimant is determined to have a severe

impairment, but from the evidence provided a determination cannot be made as to whether

the claimant is capable of performing prior relevant work, the claimant's "residual

functional capacity and the physical and mental demands" of claimant's prior work will be

considered.  *See* 20 C.F.R. § 404.1520(e).  The claimant has the burden of proving that he

or she is unable to return to his or her prior work.  *See Ferguson v. Schweiker*, 765 F.2d

31, 36 (3d Cir. 1985) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).  The

fourth step is at issue in this case.

In *Cotter v. Harris*, 642 F.2d 700 (3d. Cir. 1981), we held that an ALJ must present

both the evidence he or she uses to support his or her decision as well as rejected evidence.

*Id.* at 705.  Dempsey claims that the ALJ violated the *Cotter* doctrine when the ALJ did not

present rejected evidence regarding (1) the exertional nature and tasks associated with

Dempsey's past work; (2) the special vocational conditions, including the degree of

supervision he received, and his immediate termination when those conditions disappeared;

and (3) the mental and physical requirements of his past work.  Dempsey also claims that

the *Cotter* doctrine was violated when the ALJ did not proffer any evidence indicating that

Dempsey's past work was "simple" in nature.

We will not repeat the facts of the case because the parties are familiar with them.

From our review of the record, we conclude that there was substantial evidence to support

the ALJ's residual functional capacity finding.  The burn Dempsey had suffered to his left

3

arm was insufficient by itself, without medical evidence to the contrary, to support a finding that Dempsey was incapable of performing his prior work. Moreover, there was substantial evidence that Dempsey was fairly able to maintain concentration, pace and persistence; that he could understand, remember and carry out simple instructions; and that he could relate and adapt well enough to perform the work he previously did as a maintenance worker. The ALJ was not required to present reasons for rejecting contradictory medical evidence because none existed.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                    By the Court

                    /s/ Judge Jane R. Roth
                         Circuit Judge