**Dolores WALLACE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 82–1132.**

United States District Court,
D. New Jersey.

April 11, 1984.

Frank A. Cristaudo, Mount Royal, N.J., for plaintiff.

Paul Blaine, Asst. U.S. Atty., Trenton, N.J., for defendant.

## OPINION

GERRY, District Judge.

The United States Court of Appeals for the Third Circuit has vacated this court's affirmation of a denial of disability benefits to Dolores Wallace by the Secretary of Health and Human Services (hereinafter Secretary) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (1976). *Wallace v. Secretary of Health and Human Services*, 722 F.2d 1150 (3d Cir.1983) (*per curiam*).

On April 10, 1980, Wallace filed an application alleging disability since November 4, 1978. This application was denied initially and upon reconsideration. Wallace then filed a request for a hearing which was held on May 7, 1981. The Administrative Law Judge (ALJ) affirmed the Secretary's denial of benefits (Tr. 37).

Upon review, the Appeals Council vacated the decision of the ALJ and remanded the case to obtain testimony from a vocational expert as to whether Wallace had "acquired skills in her previous work experience that are readily transferable to a significant range of skilled or semi-skilled work within claimant's residual functional capacity" (Tr. 21–23). The Appeals Council had found an insufficient record as to the nature and extent of Wallace's vocational skills (Tr. 22).

After a rehearing on December 4, 1981, before the same ALJ, Wallace's application for disability benefits was again denied. The ALJ found that 20 C.F.R. 404.1569, Rule 200.00(a), and Rule 201.15, Table No. 1, Appendix 2, Subpart P of Part 404, directed that she be found "not disabled" (Tr. 18). The decision of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on March 10, 1982. Upon review, this court affirmed the Secretary's decision in *Wallace v. Secretary of Health and Human Services*, Civ. No. 82–1132 (Letter Opin., Feb. 8, 1983). The Court of Appeals for the Third Circuit reversed this court's decision and remanded the matter.

■ A claimant for disability benefits must first show that she is unable to return to her former occupation, and she satisfies this burden when her doctor substantiates her subjective claims. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir.1979). The ALJ found that Wallace was unable to return to her former job (Tr. 17). The burden then shifts to the Secretary "to show that the claimant, given her age, education and work experience, has the capacity to perform specific jobs that exist in the national economy." *Rossi*, 602 F.2d at 57.

■ The Secretary may satisfy this burden through the use of the medical-vocational guidelines and tables in 20 C.F.R. Part 404, Subpart P, Appendix 2 (1983). *Heckler v. Campbell*, 461 U.S. 458, —— ——, 103 S.Ct. 1952, 1956–58, 76 L.Ed.2d 66 (1983); *Santise v. Schweiker*, 676 F.2d 925, 935–36 (3d Cir.1982). However, the tables are not fully applicable to individuals with non-exertional impairments. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.-00(e)(1). Where a person is suffering from both exertional and non-exertional impairments, the Secretary must first look solely to the exertional impairment, using the ta-

bles and accompanying regulations to determine whether a finding of disability is possible. *Id.* § 200.00(e)(2). If it is not, the non-exertional limitations are *then* considered to determine their diminution of the individual's work capability using the individual's residual strength capabilities, age, education and work experience as the framework for consideration. *Id. See Burnam v. Schweiker*, 682 F.2d 456, 457–58 (3d Cir.1982).

■ The ALJ's findings of fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir.1983).

The Court of Appeals for the Third Circuit has developed rules to be used when reviewing the evidentiary basis for administrative findings which emphasize a qualitative review, as well as a quantitative one.

A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983). The Third Circuit Court of Appeals has held that an ALJ may not set his own observations at the hearing against competent medical evidence presented by physicians, and, where psychological disability has been alleged, such observations by an ALJ are entitled to little or no weight. *Van Horn*, 717 F.2d at 874. *See also Kelly v. Railroad Retirement Bd.*, 625 F.2d 486, 494 (3d Cir.1980); *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979).

Here, the Third Circuit Court of Appeals vacated the order of this court on the issue of Wallace's non-exertional claims finding that the ALJ either misread the report of the examining psychiatrist (Tr. 201, 202) or rejected the psychiatrist's conclusion that Wallace was not capable of gainful employment without explaining his reasons for doing so. Third Circuit Opinion at 10; *Wallace*, 722 F.2d at 1155. By relying only on the disability grids, the ALJ "may have failed properly to consider the degree of psychological impairment in combination with the physical impairment" as directed by *Burnam. Id.*

If that were the only deficiency noted by the Court of Appeals, this court would remand the case to the ALJ for further proceedings consistent with the Court of Appeal's opinion. However, the Third Circuit Court of Appeals also raised questions as to whether the Secretary had met her burden to prove that Wallace has the capacity to perform specific jobs that exist in the national economy based on her exertional capacity alone—specifically, was Wallace's previous work semi-skilled, and had she acquired transferable work skills? This court finds that the Secretary has not met her burden as to the transferability issue and reverses her decision.

The medical-vocational guidelines use four factors to determine disability—the claimant's residual functional capacity, age, education and work experience. Specific findings as to each must be supported by substantial evidence after the claimant is allowed to introduce her own evidence and to contest evidence offered by the Secretary. 20 C.F.R. Part 404, Appendix 2, § 200.00(a); *Santise*, 676 F.2d at 934.

The ALJ found that Wallace has residual functional capacity limited to sedentary work; therefore, Table 1 is used. It was agreed that Wallace is to be classified as closely approaching advanced age, and that she is a high school graduate whose schooling does not provide for direct entry into skilled work. Using these three factors and relying on the testimony of a vocational expert (Tr. 92–104), the ALJ found that

Wallace's previous work experience was semi-skilled, and that she had acquired transferable skills, thus requiring a finding of not disabled under Rule 201.15. A finding either that Wallace's previous work experience should be characterized as unskilled or that the skills are not transferable would result in findings of disabled under Rules 201.12 and 201.14, respectively.

There is some question as to whether Wallace's previous work should be classified as unskilled or semi-skilled. On the one hand, the regulations define unskilled work as a job that can be learned in 30 days, 404.1568(a); and Wallace testified that she was trained for two hours (Tr. 16). On the other hand, the regulations give as an example of semi-skilled work "inspecting, testing or otherwise looking for irregularities ...." 404.1568(b). Wallace's previous work as a record inspector seems to fit this classification.

Even if Wallace's previous work is classified as semi-skilled, there must be a finding of transferable work skills. The vocational expert, on whose testimony the ALJ relied, confused aptitudes common to most people with transferable work skills. The expert in *Weaver v. Secretary of Health and Human Services*, 772 F.2d 310 (6th Cir.1983) made the same mistake.

In *Weaver*, the court found an inherent difference between aptitudes and skills. "[A]n aptitude is an innate ability while a skill is a learned ability." *Id.* at 311. The expert in *Weaver* had listed as skills average intelligence, high average space relations, average form relations, above average finger dexterity and manual dexterity in the use of tools. *Id.* The *Weaver* court held that these are aptitudes, not transferable skills.

In the instant case, the expert testified that Wallace's transferable skills are her ability to pay attention, to concentrate, to perceive details and to do a number of things at one time. In addition, he said that she has bimanual dexterity, good vision and can differentiate spacial relations (Tr. 99). The vocational expert testified that Wallace would be able to do work in the economy which he had identified even if she had never been a record inspector, because of her intelligence, vision, reasoning powers and experience as a homemaker and mother (Tr. 98). Here, the expert and the ALJ misunderstand the medical-vocational guidelines. We hold, as did the *Weaver* court, that these are not "transferable skills" but aptitudes. "If aptitudes common to most people are equated with the 'substantial vocational asset' of transferable work skills, there would be in essence no distinction between unskilled and semi-skilled individuals for purposes of transferability." *Wallace*, 722 F.2d at 1156. *See also Blake v. Secretary of Health and Human Services*, 528 F.Supp. 881 (E.D.Mich.1981) (claimant's prior work as an inspector which included pulling and pushing knobs conferred no substantial vocational asset).

The question is not whether Wallace can do a certain job, but whether, through the use of the promulgated guidelines, the Secretary has proved that jobs exist in the national economy which a person having Wallace's qualifications can perform. 20 C.F.R. §§ 404.1566–404.1569; *Heckler*, 461 U.S. at ——, 103 S.Ct. at 1954. Under these guidelines, there must be findings based on substantial evidence, that claimant's work experience was semi-skilled, and that her skills are transferable if she is to be found not disabled. The Secretary has not met her burden as to the transferability of skills issue; therefore, Wallace is disabled under 20 C.F.R. Part 404, Subpart P. Appendix 2, Rule 201.14.