Edward J. GAZDA, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 93–649.

United States District Court,
W.D. Pennsylvania.

Jan. 27, 1994.

W. Richard Booth, Reed & Associates, Pittsburgh, PA, for plaintiff.

Michael C. Colville, Asst. U.S. Atty., Pittsburgh, PA, for defendant.

## OPINION

DIAMOND, Chief Judge.

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the plaintiff seeks judicial review of a decision of the Secretary of Health and Human Services ("Secretary") denying his application for disability insurance benefits and supplemental security income. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, the plaintiff's motion will be denied and the Secretary's motion will be granted.

### Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on March 12, 1991, alleging that he had been disabled since August 2, 1990, due to high blood pressure, gallbladder trouble and rheumatic heart disease. (Tr. 62). His applications were denied initially and upon reconsideration. (Tr. 66–74).

Upon request by the plaintiff, a hearing was held before an Administrative Law Judge ("ALJ"). At the hearing, plaintiff testified and was represented by counsel. A vocational expert, Ms. Karen S. Krull, also testified. (Tr. 50–57).

After consideration of the record, the ALJ determined that plaintiff was not disabled and, therefore, was not entitled to disability

insurance benefits or supplemental security income. (Tr. 11).

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Secretary. (Tr. 4–5). Plaintiff appeals from this decision.

*Discussion*

 When the Secretary determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 59 (3d Cir.1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). " 'It consists of more than a mere scintilla of evidence but less than a preponderance.' " *Stunkard*, 841 F.2d at 59 (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979)). If the Secretary's conclusions are based on a resolution of conflicting evidence—rather than a mere dismissal of it—then those conclusions will most likely be satisfied by substantial evidence. *See Wier on Behalf of Wier v. Heckler*, 734 F.2d 955, 956 (3d Cir.1984). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981); *Baerga v. Richardson*, 500 F.2d 309, 313 (3d Cir.1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975).

This court's independent review of the entire record in this case reveals that the Secretary's decision that plaintiff was not disabled within the meaning of the Act is supported by substantial evidence.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so se-vere that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A); *see also* 42 U.S.C. § 1382c(a)(3)(B). The existence of such an impairment must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C).

 The claimant has the burden of making out a prima facie case that he is disabled within the meaning of the Act. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir.1980); 20 C.F.R. § 404.1512(a) (1982). This burden is met when a physician substantiates a claimant's subjective claim that he has an impairment which prevents his return to his previous employment. *Rossi v. Califano*, 602 F.2d 55 (3d Cir.1979).

In the instant case, plaintiff has failed in his burden of making out a prima facie case that he was disabled. Plaintiff's claims of physical impairment have not been substantiated by medically acceptable clinical evidence.

 Plaintiff's medical treatment record documents gallstones. Dr. Philip J. Reilly, one of plaintiff's treating physicians, considered that plaintiff could do heavy exertional work despite his occasional abdominal discomfort, during the period prior to his January, 1992 gall bladder surgery. (Tr. 133–34). The surgery undoubtedly limited plaintiff during the recovery period, but plaintiff submitted no evidence that the recovery period extended for the twelve months required for a finding of disability. 42 U.S.C. § 423(d)(1). Nor is there any evidence of any residual effects of the surgery which would impose any limits on his ability to function. Therefore, the gall bladder problem is immaterial to this case.

 Plaintiff's medical treatment record also documents high blood pressure. As with the gall bladder problem, there is no evidence that plaintiff's hypertension in any way affected his functioning. In fact, plain-

tiff testified that he had had high blood pressure all of his adult life, (Tr. 46), and it evidently did not prevent him from performing the work which the Secretary found he could still perform. Also, despite his long history of hypertension, there is no medical evidence in the record that plaintiff has suffered from hypertensive vascular disease, ischemic heart disease with chest pain, or congestive heart failure which could cause functional impairment. (Tr. 14). Finally, Dr. Reilly, with full knowledge of plaintiff's hypertension as well as his gallstones, considered that plaintiff could perform heavy exertional work. (Tr. 109–25, 133–34). Therefore, a reasonable person could find that plaintiff was capable of performing the heavy exertional work of his occupation.

■ Plaintiff's medical treatment record also documents back symptoms. However, he alleged it only after he filed his claims for benefits, and after he had been seeing Dr. Reilly for five months without seeking any evaluation or treatment for a back problem. Plaintiff's silence on the subject is difficult to understand if, as he alleged, it was so severe that he could walk for no more than fifteen minutes without his leg dragging or without his falling down. (Tr. 38). Also, when plaintiff did report back symptoms, Dr. Reilly could find no neurological deficits and no muscle spasm. (Tr. 129–30).

A significant back problem also is contradicted by the fact that plaintiff failed to report any significant back problem when he answered questions concerning his medical history during his hospital stay for gall bladder surgery. (Tr. 168, 170). According to the hospital record, plaintiff took no medication for back pain. (Tr. 168, 170). Also, plaintiff was examined at this time, and the physician, Dr. Boron, reported no abnormalities on physical examination, and gave no

diagnosis relating to the back. (Tr. 170–71). In light of these facts concerning plaintiff's claim of back pain, the Secretary did not err as a matter of law in discounting plaintiff's testimony concerning his supposed back limitations.

Plaintiff also alleges that the ALJ erred by failing to consider the combined effect of his impairments, but articulates no factual basis for this assertion. Dr. Reilly was aware of all the relevant evidence when he made his functional capacity assessment. Plaintiff does not identify what facts were unknown to Dr. Reilly, much less offer proof on the question of how such additional facts would affect an assessment of functional capacity. Plaintiff's allegation is, therefore, unsupported by the record.

■ The other functional limitations plaintiff alleged are not substantiated by his treatment record. There is no reference in the treatment record to any side effects from medication prescribed for plaintiff's hypertension. Plaintiff has produced no evidence from his physicians corroborating his story. Likewise, there also is no corroboration in plaintiff's medical record for his testimony regarding a problem with his hands, although the problem purportedly was so severe as to wake him at night and make him unable to hold objects. Therefore, the ALJ was reasonable in crediting plaintiff's testimony only to the extent that it corresponded with what he told his physicians for purposes of treatment.[1]

It is not necessary to review further the decision of the ALJ. After thorough review of the evidentiary record, the factual findings of the ALJ, and the application of the appropriate federal regulations, this court is satisfied that the Secretary's final decision is supported by substantial evidence. Upon

---

1. After the hearing decision was issued, plaintiff complained to a doctor about his hands and about being denied social security. He submitted the medical records to the Appeals Council in connection with a petition for review. (Tr. 184). Unfortunately, the new evidence confirmed the nonexistence of any medical condition which could explain the dramatic symptoms plaintiff alleged. As this evidence was not before the ALJ, it cannot be considered in reviewing his decision. *Jones v. Sullivan,* 954 F.2d 125, 128 (3d Cir.

1991). Nor can it support a "new evidence" remand to the Secretary under the sixth sentence of 42 U.S.C. § 405(g); it is unlikely the ALJ's decision would have been different if the evidence had been before him, so the materiality condition of § 405(g), sentence six, is not satisfied. In addition, the medical records date from half a year after the hearing, and shortly after the hearing decision had issued. The timing of plaintiff's first complaint to a physician concerning his hands does not bolster his credibility.

consideration of the entire record, a reasonable person could conclude that plaintiff was not disabled. Accordingly, the Secretary's motion for summary judgment will be granted.