**William SERODY, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of the Social Security Administration, Defendant.**

**Civ. A. No. 94–3412.**

United States District Court, E.D. Pennsylvania.

Sept. 14, 1995.

J. Michael Farrell, Philadelphia, PA, for plaintiff William Serody.

Dorothea J. Lundelius, Charlotte J. Hardnett, U.S. Dept. of Health and Human Services, Office of Gen. Counsel, Region III, Philadelphia, PA, for defendant Secretary of Health and Human Services.

Charlotte J. Hardnett, U.S. Dept. of Health and Human Services, Office of Gen. Counsel, Region III, Philadelphia, PA, for movant Shirley Chater, Commissioner of Social Security.

*MEMORANDUM*

BUCKWALTER, District Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the claim of William Serody ("Serody") for disability insurance benefits ("DIB") provided under Title II of the Social Security Act ("Act"). The parties filed cross motions for summary judgment which were referred to the Honorable James R. Melinson, United States Magistrate Judge, who issued a Report and Recommendation ("R & R") on July 19, 1995.

■ The facts, procedural history, standard of review and medical evidence set forth in Magistrate Judge Melinson's July 19, 1995 R & R are approved and adopted by reference herein. In his R & R addressing the parties' cross motions for summary judgment, Magistrate Judge Melinson found that the ALJ correctly applied the applicable legal standards and that his decision to deny benefits to the claimant, William Serody, was supported by substantial evidence.[1] Specifically, the Magistrate Judge found that the ALJ properly concluded that Mr. Serody suffers from a severe derangement of his left knee and chronic headaches which preclude him from engaging in his prior employment as a fire fighter or fire fighting captain. Such disability, however, does not render the claimant totally disabled within the meaning of the Act. Rather, the ALJ found that despite his inability to engage in the type of work he formerly performed, Mr. Serody's physical condition does not prevent him from engaging in sedentary work for which he can wear a knee brace and where his absence can be accommodated when his headaches are problematic. Magistrate Judge Melinson recommended that the decision of the ALJ be upheld. Subsequently, the claimant raised numerous objections to the Magistrate Judge's R & R, to which the Commissioner did not respond. It is these objections which are currently before this court.

---

1. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Steadman v. SEC,* 450 U.S. 91, 99, 101 S.Ct. 999, 1007, 67 L.Ed.2d 69 (1981) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979).

Our review of a magistrate judge's ruling is *de novo.* 28 U.S.C. § 636(b). We may accept, reject or modify, in whole or in part, his findings and recommendations. *Id.* In considering the claimant's objections in this matter, we have independently reviewed the entire record in this case, including the Magistrate Judge's R & R, the ALJ's written decision, the transcripts of the hearing and the hearing exhibits.

Objecting to Magistrate Judge Melinson's R & R, claimant Serody asserts that the court erred in finding:

(1) no medical evidence in the record supports Mr. Serody's claim of pain so severe that it would preclude him from substantial gainful activity; (2) the ALJ properly considered Mr. Serody's complaints of pain; (3) the ALJ decision gave proper weight to the opinion of plaintiff's treating physician Dr. Kaplan; (4) the report of Dr. Toland was contrary medical evidence which conflicted with the opinion of Dr. Kaplan; (5) the ALJ properly rejected the opinion of Mr. Serody's treating physician; (6) the vocational expert ("VE") did not invade the province of medical professionals; (7) the Commissioner satisfied the burden of proving that the plaintiff, given his age, education, and work experience has the ability to perform specific jobs that exist in the national economy; (8) plaintiff's motion for summary judgment should be denied while defendant's motion for summary judgment should be granted.

For the following reasons, this court finds the plaintiff's objections to be without merit. Magistrate Judge Melinson's July 19, 1995 R & R is therefore approved and adopted; plaintiff's motion for summary judgment shall be denied and defendant's motion for summary judgment shall be granted.

## I. *DISCUSSION*

■■■ A claimant is "disabled" and entitled to disability benefits under the Social Security Act where it is determined that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a contin-

uous period of not less than 12 months." 20 C.F.R. § 404.1505. 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Under the Act, the claimant bears the burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5). The claimant must provide the medical evidence which indicates that there is an impairment and the extent of its severity. 42 U.S.C. § 423(d)(5). In reaching a determination as to whether a claimant is disabled, the Commissioner must consider: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) the claimant's age, educational background, and work history. *Hammerstone v. Heckler,* 635 F.Supp. 1089, 1092 (E.D.Pa.1986) (citing *Blalock v. Richardson,* 483 F.2d 773, 776 (4th Cir.1972)). A claimant satisfies his burden by showing an inability to return to his former work. *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979). Once this showing is made, the burden of proof shifts to the Commissioner to show that the claimant, given his age, education, and work experience, has the ability to perform specific jobs that exist in the national economy. *Id.*

Upon consideration of the record in this case, the ALJ determined that Mr. Serody's injury prevented him from returning to his prior employment as a firefighter or fire fighting supervisor, however, he decided that Mr. Serody was not disabled within the meaning of the Act as he remained capable of engaging in substantially gainful activity during the relevant time period. Further, the ALJ found Mr. Serody capable of performing specific jobs available in the national economy, despite his recognized limitations. Thus, the ALJ denied Mr. Serody's claim for disability benefits.

Mr. Serody's initial objection to the Magistrate Judge's finding that the record lacked medical evidence to support his claim of disabling pain severe enough to preclude him from substantial gainful activity shall be ana-

lyzed in conjunction with the claimant's first five objections, all of which relate to the weight accorded the medical testimony and evidence presented to the ALJ.

Addressing the medical evidence offered at the hearing in this matter, we note that doctors Kaplan and Toland examined Mr. Serody and offered their opinions concerning his physical condition and limitations. The ALJ considered the testimony and documentation of each doctor who examined the claimant. While the written reports of these physicians provide support for the conclusion that Mr. Serody did in fact experience some pain as a result of his injury, the assessments offered by these doctors disagree on the question of whether Mr. Serody remained capable of engaging in some kind of work, despite his limitations. In particular, Dr. Toland concluded that Mr. Serody could work in a sedentary capacity, provided he did not sit or stand for greater than an hour or two, wore a supportive knee brace to prevent falls and controlled his headaches. By contrast, Dr. Kaplan, the claimant's treating physician, unequivocally found the claimant to be totally disabled and incapable of engaging in any gainful employment. *See* ALJ rationale, p. 4; Tr. 161–163. In support of his conclusions, Dr. Kaplan proffered no clinical or laboratory diagnostic findings or specific reports detailing the extent of the claimant's functional abilities. *Id.* Instead, Dr. Kaplan offered only a summary of Mr. Serody's complaints, his recommended treatment and the general, conclusory opinion that Mr. Serody was "totally disabled." *Id.* In contrast, the report offered by Dr. Toland contained an assessment of Mr. Serody's upper extremities and spine as well as x-rays of the left knee, showing no abnormalities except for a small erosion in one side of the patella, no joint narrowing and no evidence of arthritic changes. In choosing not to find Dr. Kaplan's testimony dispositive, the ALJ found that Dr. Kaplan's general conclusions as to the claimant's physical condition was not probative as the doctor's opinion was not supported by relevant clinical or laboratory diagnostic findings.

■ To the extent plaintiff is correct in asserting that Dr. Kaplan's findings and opinions are entitled to greater weight than that attributed to it by the ALJ, we are guided by the pronouncement of the Third Circuit Court of Appeals in *Adorno v. Shalala,* 40 F.3d 43 (3d Cir.1994), wherein the court found:

> [a] statement by a plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant.

*Adorno,* 40 F.3d at 47–48 (citations omitted); 20 C.F.R. § 404.1527(e). An ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence, and may afford a medical opinion more or less weight depending upon the degree to which supporting explanations for it are provided and whether the treating doctor is a specialist. *See Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988); *See* 20 C.F.R. § 404.1527(d). Here, the ALJ declined to accept Dr. Kaplan's conclusions because he found that his conclusions were contradicted by the opinion of Dr. Toland, a physician who evaluated the claimant at the request of the Commissioner, and because he found that Dr. Kaplan's opinion was not supported or explained by clinical data. Accordingly, this court finds that the ALJ observed the proper legal standards in evaluating the opinions of doctors Kaplan and Toland and the remaining medical evidence pertaining to the pain experienced by the claimant. As such, this court concludes that substantial evidence supports the ALJ's decision to reject Dr. Kaplan's finding that Mr. Serody totally is disabled and unable to work in any capacity.

The only other evidence offered at the hearing bearing on Mr. Serody's ability to perform work other than as a fire fighter or fire fighting captain was the testimony of Mr. Serody himself. Despite Mr. Serody's assertions to the contrary, the ALJ did consider the claimant's subjective complaints of pain in reaching his determination denying Mr.

Serody's claim. *See* Claimant's second objection to R & R. At the hearing, Mr. Serody attested to the pain he experiences while working and in conducting his daily affairs. Particularly, Mr. Serody testified that he experiences headaches lasting greater than an hour two to three times a month and that these headaches result from a lack of sleep due to knee discomfort. Tr. 38–39, 44–45. Further, the claimant stated that the pain in his knee intensifies when he is more active and that it is difficult for him to get comfortable when he sits for more than twenty minutes at a time. *Id.* at 44, 45, 63.

Reviewing the written decision of the ALJ, it is apparent that the ALJ did not totally discount the claimant's assertions of pain. Rather, the ALJ found the claimant's testimony concerning the extent of his impairments to be credible and consistent with medical testimony, but only to the extent that the claimant's injury prevents him from engaging in activity requiring sustained standing, walking, bending or climbing. *See* Tr. at 16, 17/ALJ decision, finding number 4. The ALJ did not credit Mr. Serody's claim that his frequent headaches and falling episodes caused by this knee giving out on him prevent him from working in a sedentary capacity. *Id.* Rather, the ALJ found that the claimant's handicaps could be accommodated by finding him sedentary employment which would allow him to wear a supportive knee brace on his left knee and to abstain from work on the occasions when he suffered from headaches. *Id.* Additionally, while the ALJ accepted the treating physician's opinion that the claimant was incapable of continuing his employment in the capacity of a firefighter (or a supervisor), the ALJ did not credit Dr. Kaplan's opinion that the pain experienced by the claimant rendered him "totally disabled" and unable to work in any capacity. As such, the ALJ determined that Mr. Serody could not return to his past relevant work as a firefighter or fire fighting captain, but that his injury and the attending pain did not render him totally disabled within the meaning of the Act. *Id.* The claimant's need to refrain from excessive walking as well as the headaches ostensibly connected to his knee pain which keeps him awake at night were the only reasons identified by Mr.

Serody as to why he could not perform a job of the type identified by the ALJ in his decision and by the VE in his hearing testimony.

An ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not completely supported by the objective evidence. *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir.1993). However, an ALJ may discredit a claimant's complaints of pain where they are contradicted by medical evidence in the record, so long as he explains his basis for so doing. *Id.* We find that the ALJ's analysis of the claimant's complaints of pain properly followed the criteria set out in 20 C.F.R. § 404.1529, which states, in pertinent part:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence.... Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that you alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. § 404.1529(c)(4).

To the extent the claimant's testimony conflicted with the medical evidence offered by Dr. Toland and in consideration of the dearth of clinical findings supporting Dr. Kaplan's opinions, the ALJ chose not to credit fully the claimant's testimony regarding his ability to perform work because of pain. An ALJ is empowered to evaluate the credibility of a witness and disregard his testimony where, as here, he provides his reasons for doing so. *See Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir.1983). Finding Mr. Serody's complaints of totally disabling pain

to be contradicted by record medical evidence, the ALJ concluded that the claimant's testimony concerning the severity of his pain was not credible. In view of the applicable standards, this court concludes that the ALJ did not improperly discount the claimant's own subjective complaints of pain in reaching his determination; the ALJ's conclusion that Mr. Serody was capable of performing sedentary work, provided he wore a supportive knee brace, is supported by substantial evidence.

The claimant's next objection involves the Magistrate Judge's reliance upon testimony elicited from the vocational expert ("VE") who allegedly invaded the province of medical professionals. The claimant argues that it was improper for the ALJ to rely on the opinion offered by the VE as it was contrary to that offered by his treating physician. This court disagrees.

 As noted by the Magistrate Judge, the ALJ found that plaintiff established that he could no longer perform his prior work as a fire fighter or fire fighting captain. The burden then shifted to the Commissioner to establish that other jobs exist in significant numbers in the national economy that plaintiff could perform. 20 C.F.R. § 404.1520. In determining whether an individual is able to engage in substantial gainful activity, an ALJ must consider an individual's age, education, work experience and the availability of specific appropriate jobs in the national or regional economy. *Podedworny v. Harris*, 745 F.2d 210 (3d Cir.1984). An ALJ typically asks a vocational expert whether, assuming certain factors about a claimant's capabilities, the claimant has the ability to perform certain jobs and whether those jobs are readily available on a national scale. *Id.* At the hearing in the present case, the following exchange took place between the ALJ and the VE:

Q. Now, my question is, with the limitations that this man has medically, are there any jobs of a sedentary nature that he'd be able to perform?

A. In my opinion he has a good skilled background. I think most of his skills are applicable to the, the fire fighting work. I think he has some skill transferability into

sedentary types of occupations, such as an emergency services dispatcher which is a sedentary type of job, a maintenance scheduler for industrial services, again this is a sedentary type of job, a customer service representative, through sit down types of jobs that I felt that in terms of the claimant's skill background he would have some transferability.

\* \* \* \* \* \*

Q. Now let me ask you this, let's leave the medical evidence out of the picture. I'm going to ask you to assume that I accept as credible the statements made by the claimant with regard to the restrictions that he has placed on himself, what he can do and what he can't do. Would there be any, these sedentary jobs that you're talking about, would he be still able to perform them that Mr. Serody could perform a jobs that exist in significant numbers in the national economy.

A. Yes, I understand what the claimant has indicated with respect to his limitations. I felt that these types of jobs would be consistent with that.

Tr. 72–73. The VE further testified that these jobs are commonly found and available on the national as well as the local job market. *Id.* In answering the hypothetical question posed by the ALJ which incorporated functional restrictions, the VE did not deviate from his area of expertise by independently offering a medical assessment of the claimant's condition. In his decision, the ALJ explained that neither the opinion of Dr. Kaplan nor the claimant's own complaints of pain were completely accepted as credible. *See Brewster v. Heckler*, 786 F.2d 581 (3d Cir.1986). The Magistrate Judge found that the hypothetical question asked to the VE was appropriate. Once it has been determined that substantial evidence existed to support an ALJ's determinations, as in the present case, it is not for this court to reweigh the evidence. Accordingly, this court concludes that the claimant's objections to the testimony of the VE are unfounded and that the Commissioner met his burden of proof.

Addressing the claimant's final objection, this court concludes that the Magistrate Judge appropriately found that the Commissioner satisfied her burden of proving that Mr. Serody, given his age, education, and work experience, has the ability to perform specific jobs that exist in the national economy. *See Rossi v. Califano,* 602 F.2d at 57.

## II. *CONCLUSION*

In conclusion, we find no merit to the objections raised by the claimant to the Magistrate Judge's R & R as substantial evidence exists in the record to support the ALJ's determinations. In the absence of disputed issues of material fact and in view of the defendant's entitlement to judgment as a matter of law, this court hereby concludes that defendant's motion for summary judgment is granted while the claimant's motion for summary judgment is denied. Accordingly, we adopt the Report and Recommendation of Magistrate Judge Melinson.

An Order follows.

### *ORDER*

**AND NOW,** this 14th day of September, 1995, upon consideration of the Cross Motions for Summary Judgment submitted by the parties in this case, it is hereby **ORDERED** that the plaintiff's Motion for Summary Judgment is **DENIED** while the defendant's Motion for Summary Judgment is **GRANTED** as recommended by United States Magistrate Judge James R. Melinson in his Report and Recommendation issued July 19, 1995.