**Rose ARRIGO**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 82–1211.**

United States District Court, E.D. Pennsylvania.

Jan. 30, 1985.

Jonathan M. Stein, Richard Weishaupt, Community Legal Services, Philadelphia, Pa., for plaintiff.

Richard Schweiker by Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is an action to review a final decision of the Secretary of Health and Human Services ("Secretary"). The parties have filed cross-motions for summary judgment. Only the onset date of claimant's conceded disability is at issue.

On August 14, 1980, claimant filed an application for supplemental security income that alleged disability because of calcified tendonitis of the shoulder and degenerative joint disease of the hand and knees from September, 1979. After denial of the claim initially and on reconsideration, a hearing was held before Administrative Law Judge Eisenberg. In a decision on August 24, 1981, the Administrative Law Judge ("ALJ") evaluated claimant's impairments and her complaints of pain and concluded that she was not disabled. The decision was made final by the Appeals Council. Claimant appealed the determination to this court. In a Memorandum and Order dated March 31, 1983, this court remanded the case to the Secretary. The court concluded that the ALJ had improperly relied on his own lay opinion of the claimant's pain in contradiction of a doctor's report of record. The court stated that, "[w]ithout a medical opinion on the significance of plaintiff's pain, the ALJ could not properly conclude that plaintiff's complaints were inconsistent with or disproportionate to the medical evidence." Memorandum at 7.

Following remand, on June 16, 1983, ALJ Eisenberg again denied claimant's benefits on the evidence of record without referring claimant for medical testing and without affording claimant a further hearing. This recommended decision was adopted by the Appeals Council on September 15, 1983. Claimant again appealed her denial of benefits to this court. On February 6, 1984, this court remanded the case to the Secretary for a supplemental hearing and for a re-evaluation of the medical evidence regarding pain by a different ALJ reassigned to the case. New medical evidence was received from a psychiatrist, Gino Grosso, M.D., at a supplemental hearing on June 26, 1984 before ALJ Chernock. In his decision of July 10, 1984, ALJ Chernock concluded that claimant was disabled due to

mental impairments as of July 15, 1983. Claimant now appeals this determination of the onset date of disability. She argues that the proper onset date is the date of application, April 14, 1980.

██ In determining whether the ALJ properly established July, 1983 as the onset date of claimant's disability, the court does not determine the matter *de novo* but must decide whether the finding is adequately supported by substantial evidence on the record. *See* 42 U.S.C. § 405(g). The court agrees with claimant's contention that the ALJ's finding is not supported by substantial evidence.

██ Raymond Stein, M.D., an orthopedic surgeon who had examined claimant for the Secretary, testified at claimant's supplemental hearing. According to the ALJ's opinion, Dr. Stein testified that Mrs. Arrigo had "pain of an extrinsic nature" and also acknowledged that she had orthopedic problems which "could account for some pain" (Tr. 151); claimant was unable to work due to her "progression of pain perception, sensitivity, and reaction." *Id.* Dr. Stein explained that claimant had reached this stage "as few as three or as many as five years" before June, 1984. This testimony corroborated a March 8, 1984 statement by claimant's treating physician, Anthony D. LoBianco, D.O., that he had observed "increasing anxiety and depression because of the continual pain" since the time that he began observing her in April, 1979. (Tr. 252). Other reports by Anthony S. Tornay, M.D., a psychiatrist; Gino Grosso, M.D., a psychiatrist; and Benjamin Goodnick, Ph.D., a psychologist, also presented a history of chronic anxiety disorder.

In rejecting the opinions of these medical experts, the ALJ again improperly substituted his own lay opinion for that of medical experts. Under well-established case law in the Third Circuit, it is impermissible for an ALJ to make a medical judgment contrary to the evidence of record. *See, e.g., Smith v. Schweiker,* 671 F.2d 789, 793 (3d Cir.1982). The ALJ is required to explain his rejection of medical evidence that conflicts with his findings of fact. *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981). Here the ALJ ignored these medical opinions even though there was no evidence to contradict a finding of mental disability as early as 1980.

██ The opinion of Dr. LoBianco, claimant's treating physician, could not be rejected unless the ALJ pointed to other substantial and convincing medical evidence of record; *Rossi v. Califano,* 602 F.2d 55 (3d Cir.1979). ALJ Chernock in rejecting the evidence of the treating physician, as well as the evidence of his own consultative examiner, relied on the previous ALJ's observation that, "[t]here was nothing in the claimant's demonstrated mental capabilities, her demeanor, or in her testimony suggesting mental disability." (Tr. 153). The ALJ's own lay observations much less his adoption of the lay observations of another ALJ, cannot constitute substantial evidence in the face of contrary medical evidence. *Lewis v. Califano,* 616 F.2d 73 (3d Cir.1980). This applies to lay observations about mental as well as physical conditions. *Kelly v. Railroad Retirement Board,* 625 F.2d 486 (3d Cir.1980).

██ In establishing July, 1983 as the onset date of disability, the ALJ relied on a medical report of Dr. Harold Polan, which the ALJ assumed was prepared in July, 1983. The ALJ noted that this was the first report "to indicate that claimant's mental problem is functionally significant." (Tr. 153). However, the ALJ completely disregarded the fact that Dr. Polan's report stated that claimant had been receiving medication for nine months prior to the date of the report. ALJ Chernock also chose to ignore uncontradicted medical evidence suggesting a lengthy history of psychiatric disorders. Because the ALJ chose the onset date based on arbitrary assumptions and did not adequately justify his rejection of competent medical evidence to the contrary, his finding of July, 1983 as the onset date is not supported by substantial evidence in the record. There being no basis for further remand, the court reverses the ALJ's determination of the on-

set date and orders that benefits be paid as of August 14, 1980, the date of application.