Magalene **THOMASON**, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. CIV.A. 04–G–0099–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Oct. 14, 2004.

---

Darryl W. Hunt, Clark & James LLC, Birmingham, MI, for Magalene Thomason, plaintiff.

Alice H. Martin, U.S. Attorney, Winfield J. Sinclair, U.S. Attorney's Office, Birmingham, MI, Loranzo M. Fleming, Social Security Administration Office of General Counsel, Atlanta, GA, for Jo Anne B. Barnhart, Commissioner of Social Security Administration, defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for SSI as provided under Section 1601 of the Act, 42 U.S.C. §§ 1381 *et seq.* was filed January 24, 2001.[2] The application was denied. Request for a hearing before an administrative law judge [hereinafter ALJ] [Russell Lewis] was granted, and a hearing was held October 9, 2002. The ALJ's decision to deny benefits was handed down December 24, 2002, He held plaintiff was capable of performing medium work[3] reduced only by work on scaffolds, ropes and ladders; unprotected heights; and dangerous mov-

---

**1.** 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

**2.** Plaintiff's previous SSI claim was denied in August 1995.

**3.** The Program Policy Statement of the Social Security Act is set forth in PPS–101, SSR 83–10, TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK–THE MEDICAL–VOCATIONAL RULES OF APPENDIX 2, portions of which are set forth below:

Medium work. The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full rage of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8–hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.

•  •  •  •  •

The considerable lifting required for the full range of medium work usually requires frequent bending-stooping. (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.)

ing machinery. He, also, found she had "severe" impairments of esophageal reflux, early arthritis, controlled hypertension, and controlled glaucoma. On January 28, 2003, present counsel requested a copy of exhibits and the hearing tape. Requested material was supplied June 21, 2003. Argument was submitted July 9, 2003. Plaintiff's request for review by the Appeals Council was denied November 21, 2003. An appeal to this court followed.

Plaintiff is a 59 year old female[4] with a twelfth grade education. She has no past relevant work history.[5] She claims she has been unable to work because of arthritis and inability to lift, bend, stand or sit for long periods of time since January 24, 2001, the date she filed this claim. At the time of the hearing she weighed 209 pounds and listed her height as 5' 6". Elsewhere in the record her weight is recorded as 211½ pounds.

There is no evidence in the record by a physician indicating plaintiff is capable of performing medium work. Consulting internist Bharat K. Vakharia examined plaintiff at the request of the Administration August 13, 2001. Objective clinical findings upon examination include the following:

1) tenderness lumbosacral spine;

2) straight leg raising about 60 degrees bilaterally;

3) complaints decreased sensation in right upper limb as compared to left upper limb;

4) poor handgrip on right side as compared to left side;

5) difficulty toe walking because unsteadiness;

6) forward flexion of spine about 70 degrees;

7) able to squat up to 45 degrees before lower back pain;

8) crepitations in both knee joints.

His/her diagnosis, based on examination and review of medical evidence of record provided by the DDS, follows:

DIAGNOSTIC CONSIDERATION: Low back pain with radiculopathy.[6] Right shoulder pain. Right hand pain. Possibility of Carpal Tunnel Syndrome cannot be ruled out. Hypertension. History of Glaucoma.

Based on the above examination disability specialist Sharon M. Hunter completed a "Vocational Rationale Form" in which she noted plaintiff to be of advanced age with a high school education. She listed no limitations and no severe impairment.[7]

■ "The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971).

---

4. Social Security considers a person of 55 or older as being a person of advanced age. 20 CFR Ch. III. Section 404.1563(e) *Persons of advanced age.* "We consider that advanced age (age 55 or older) significantly affects a person's ability to adjust to other work."

5. Plaintiff had not worked in over 15 years at the time of the October 2002 hearing. She has not worked since.

6. Radiculopathy is a disease of the nerve roots. *Physicians' Desk Reference,* (Medical Economics Company, Inc., Inc. 56th ed 2002).

7. See n. 4 at 3 and n. 9 at 6. Plaintiff is of advanced age, has a high school education, and has no past work history.

The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984).

■ The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987), the court held:

> Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges,* 815

F.2d at 624; *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

■ Having evaluated the evidence, the court HOLDS that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied.

1) There is **no evidence** plaintiff can perform medium work.[8]

2) Not only is there no evidence plaintiff can perform medium work the ALJ failed to follow the medical/vocational guidelines set forth in the Listings.[9]

3) There is no formal assessment of record of plaintiff's Residual Functional Capacity [RFC] either by examining or non-examining physicians addressing plaintiff's ability to perform work activities such as lifting, standing, walking, bending, carry or squatting.

4) The ALJ's hypothetical to the vocational expert did not reflect a comprehensive RFC.[10]

---

**8.** Plaintiff testified she is able to lift five pounds and has "no strength." There is no evidence she can lift 50 pounds nor that she is able to do the prolonged standing which is part of the definition of medium work. See n. 3 at 2.

**9.** According to Table No 1–Residual Functional Capacity: Maximum Sustained Work Capability Limited to **Sedentary Work** as a Result of Severe Medically Determinable Impairment(s), 20 CFR Ch. III, Pt, 404, Subpt. P, App. 2, Rule 201.04, a high school graduate of advanced age with no direct entry into skilled work, with no previous work experience is **disabled**.

According to Table No 2–Residual Functional Capacity: Maximum Sustained Work Capability Limited to **Light Work** as a Result of Severe Medically Determinable Impair-

ment(s), 20 CFR Ch. III, Pt, 404, Subpt. P, App. 2, Rule 202.04, a high school graduate of advanced age with no direct entry into skilled work, with no previous work experience is **disabled**.

According to Table No 3–Residual Functional Capacity: Maximum Sustained Work Capability Limited to **Medium Work** as a Result of Severe Medically Determinable Impairment(s), 20 CFR Ch. III, Pt, 404, Subpt. P, App. 2, Rule 203.14, a high school graduate of advanced age with no direct entry into skilled work, with no previous work experience is **disabled**.

**10.** His **only question**, as recorded by the court reporter, reads as follows:

> Q. Basically, claimant hasn't worked in what is now 15 years. So we don't really

5) The ALJ failed to take plaintiff's obesity[11] into account[12] and its effect on her medical impairments.

6) The ALJ has impermissibly substituted his judgement that plaintiff is able to perform medium work for that of a qualified physician.[13]

For the reasons set forth above the decision of the Commissioner is REVERSED. An order consistent with this memorandum opinion is being entered contemporaneously herewith.

## FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be granted the benefits.

have any past work. So I'm going to ask you, I think. Just one hypothetical. And that's if an individual was not precluded from doing medium work by any medically determinable impairment. And the only additional limitation was no work on ladders, ropes, scaffolds, at unprotected heights or dangerous moving machinery. Would there be jobs that they could perform?

11. Obesity is a complex, chronic disease characterized by excessive accumulation of body fat. It is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral). The National Institutes of Health [NIH] established medical criteria for the diagnosis of obesity in its *Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults* (NIH Publication No. 98–4083, September 1998). These guidelines classify overweight and obesity in adults according to Body Mass Index [BMI]. BMI is the ratio of an individual's weight in kilograms to the square of is or her height in meters. The *Clinical Guidelines* describe a BMI OF 25–29.9 AS "overweight" and A BMI Of 30.0 or above as "obesity." SSR 02–1p: Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity, effective September 12, 2002.

12. SSR 01–1p provides guidance on SSA policy concerning the evaluation of obesity in disability claims. Obesity affects physical and mental health. Obesity commonly leads to, and often complicates chronic diseases of the body systems. (Plaintiff's hypertension and arthritis are listed affected systems.). It recognizes that obesity can cause limitations in all exertional and postural functions. It can affect an individual's ability to sustain routine movement and work activity. It is a "severe" impairment when alone or in combination with another medically determinable physical or mental impairment(s) it significantly limits an individual's physical or mental ability to do work activity.

13. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996) (Without expressly relying on medical evidence or authority the ALJ may not substitute his judgment for that of medical authority); *Bell v. Secretary of Department Health & Human Services*, 732 F.2d 308, 311–12 (2nd Cir.1984) (ALJ not entitled to make assumptions about claimant's mental condition without evidence to support conclusion.); *Fiorello v. Heckler*, 725 F.2d 174, 175–176 (2nd Cir.1983) (ALJ criticized for "lay conclusion that the claimant was not psychiatrically impaired."); *Kuwahara v. Bowen*, 677 F.Supp. 553 (N.D.Ill.1988) (inappropriate for ALJ to substitute own judgment for that of mental health practitioner.); *Arrigo v. Heckler*, 604 F.Supp. 401, 402, 9 Soc. Sec.Rep.Ser. 575 (E.D.Pa.1985) ("Under well established case law in the Third Circuit, it is impermissi-

ble for an ALJ to make a medical judgment contrary to the evidence of record.").